CUMMINS AND FENNO VS. GARRETSON.

The failure of the obligee or payee to sue the principal debtor, within the time prescribed by the statute, will not release the security where the notice to sue, given by the security, under the statute, is served, not upon the obligee or payee himself, but upon his attorney at law, who has the note for collection.

*Appeal from Pulaski Circuit Court.*

Hon. WM. H. FEILD, Circuit Judge.

PIKE & CUMMINS, for the appellants.

S. H. HEMPSTEAD, contra.

Mr. Chief Justice WATKINS delivered the opinion of the Court.

This was an action of debt, by an assignee, against two of the makers of a promissory note of the tenor following:

"LITTLE ROCK, ARK., February 12th, 1851.

Ninety days after date, we promise to pay John H. Hammock, the sum of two hundred and fifty dollars, for value received, with ten per cent. interest, after due, until paid.

[Signed,]                                    C. TROUSDALE.

E. CUMMINS.

JOSEPH FENNO.

(Endorsed,)    Pay John W. Garretson, or order.

JOHN .H. HAMMOCK."

The action was commenced on the 21st day of February, 1852, and the defendants, pleading *nil debet*, upon the trial of the cause at December term, 1852, it was submitted to the Court upon an agreed statement of facts, ordered to remain on file and constitute a part of the record; and, as we understand the terms of the submission, it was stipulated that, under the general issue, either party was to have the benefit of any legal conclusion from the facts stated, with like effect as if such matter had been specially pleaded or replied. The Court below decided that the defendants were liable, and gave judgment accordingly, to which they excepted.

It appears that in the inception of the note sued upon, the defendants were the securities of Trousdale. He was insolvent, having no means except his salary as Swamp Land Commissioner, which was payable at the Treasury, in scrip, not subject to execution, or process of garnishment. Upon his appointment, he had gone to reside at Helena, but the duties of his office called him to different parts of the State; so that he frequently came to Little Rock. The plaintiff resided in another county, 120 miles from Little Rock.

On the 1st March, 1852, eight days after the institution of the suit, the defendants gave a notice in writing, addressed in the

alternative, to the plaintiff or his attorney, Mr. Hempstead, informing him that they were merely bound as the securities of Trousdale in the note in question, and requiring him forthwith to commence suit against the principal debtor and other parties liable ; and which notice was served upon Mr. Hempstead, the plaintiff's attorney, in whose hands the claim had been placed for collection.   On the 20th of March, the plaintiff came within the county of Pulaski, and, being at Little Rock, was informed, by his attorney, that such notice had been served upon him.  Suit might have been instituted in Phillips county against Trousdale, within thirty days from the time the notice was served upon the attorney.   On the 29th of March, the plaintiff caused a separate suit to be instituted against Trousdale, in Pulaski county, in which the first summons, to June Term, was returned *non est.* An alias, returnable to December term, was served, but not in time to obtain judgment at that term.  Thus stood the case against Trousdale, at the time the action against his co-promissors, the present appellants, was tried.

According to statutory regulations, the note in question was several as well as joint, and the plaintiff could sue all the parties liable, or as many of them as he thought proper, so he have but one satisfaction of the debt.   It is not claimed that the appellants did in fact sustain any injury by the omission to sue Trousdale, or any failure to do so, upon request of the surety, from which the law might employ a new contract or agreement, between the creditor and the principal debtor, whereby time was extended to the latter, and which operates as a release to the surety, available to him as a defence at law, to the extent that he could prove a diminution of the assets of the principal during the delay, and a consequent loss of recourse to the security, if then compelled to pay the debt, ( *Warner vs. Beardsley,* 8 *Wend.* 194; *Huffman vs. Hurlbert,* 13 *Ib.* 377,) so as to bring this case within the principle first established in *Pain vs. Packard,* (13 *John.* 174,) and as that was the adoption, by courts of law, of the rule supposed to prevail in courts of equity, (*King vs. Baldwin,* 17 *Ib.* 391,)

the appellants have not shown themselves entitled, on that ground, to be relieved in either forum. It is only by virtue of the statute, whereby a security, on any bond, bill, or note, for the payment of money or property, may, by notice in writing, require the person having the right of action upon it, forthwith to commence suit against the principal debtor, and other party liable, and which, substituting presumption for proof of actual damage, absolutely exonerates the security, if suit be not commenced within thirty days after service of the notice, and proceeded in with due diligence, in the ordinary course of law, to judgment and execution, (*Digest, Title Securities, secs.* 1 *and* 2,) that they can claim to be discharged. As this statute introduces a new rule in derogation of the common law, and going beyond any principle admitted to prevail in equity, without presuming to debate its polity, it is not going too far to say, in accordance with established rules of interpretation, that the remedy- afforded ought to be strictly pursued, and the provisions of the statute substantially complied with, where the security claims his discharge upon the purely legal defence of notice, without any consequent injury to himself by reason of the failure of the creditor to sue an insolvent principal, within the time prescribed. And such was the opinion of this Court in *Kelly vs. Matthews,* (5 *Ark.* 230,) holding that where there are several obligees named in the instrument, a security, seeking to bring himself within the statute, must cause the prescribed notice to be served upon the whole of them. So in *Adams vs. Roane,* (2 *Eng.* 360,) where notice to bring suit was served on the clerk, at Van Buren, to the assignees of the Real Estate Bank, and he informed one of the assignees of it, the Court said: "It certainly cannot be contended that a service upon the clerk could operate as a notice to the appellees; the clerk cannot be said to have the right of action. It does not appear that Drennen was served with the notice, in accordance with the statute, as he was only informed by the clerk that he had himself received such notice. The record does not inform us how far the clerk was authorized to waive or control the rights of the trustees,

and we are not at liberty to take judicial notice of any such power."

That case must be decisive of the present one, unless the legal relation between attorney and client be such as to make the notice effectual.

The statute provides that certain notices, during the progress of a suit, may be served upon the party or his attorney of record. The client is bound by the admission of his attorney in pleading, or evidence connected with the cause and admissible upon the record. But in the absence of any positive regulation of law, there is no authority for holding that notices of this description can be effectually given to the attorney before suit, or during the progress of a suit, so as to be notice to the client, whereby his interest may be injuriously affected, and a corresponding duty and liability imposed upon the attorney, to exercise a discretion about the bringing of a suit, which properly belongs to the client. The attorney is charged with the conduct of a suit, which is presumed to be brought under instructions from the client; if any discretion beyond this be specially delegated to him, he has it as agent or attorney in fact, and that should be made to appear by proof. The security has no reason to complain of hardship in being required to pursue the statute strictly. He may, as he could before its enactment, comply with his contract, and by paying the debt, take into his own hands the remedy against the principal; nor does the omission to give the notice; under a cumulative statute, deprive him of any right to be relieved, whether at law or in chancery, against unconscionable acts of the creditor; such as his refusal to sue upon request, his abandonment or neglect of collateral securities, his valid agreement for extension of time, which do, in fact, or in contemplation of law, occasion loss to the security, and may, without the aid of the statute, operate to release him. The notice here not being in compliance with the statute, because not served upon the person having the right of action, or any agent of his, authorized to bind him in that respect, might have been wholly disregarded.

It is sufficient to rest the affirmance of the judgment upon that conclusion, without going into an examination of other questions argued; whether one, claiming to be security, and really such, can avail himself of the statute for any purpose, as against an assignee, where the relation of principal and security does not appear on the face of the instrument, and the assignee is not shown to have taken it with knowledge of that fact; and also, conceding that a security may, at any time after a separate suit brought against himself, well require the creditor, by notice under the statute, to bring suit against the principal, whether if his exoneration depends upon any subsequent want of diligence in the prosecution of the suit against the principal to final judgment and execution, the relief is more properly cognizable in chancery than at law. Affirmed.