FEDERAL FACTORS, INC. v. WELLBANKE

5-3942                                    406 S. W. 2d 712

Opinion delivered September 19, 1966

[Rehearing denied October 24, 1966.]

*Files, Davidson & Plaster* and *Paul Henson,* for appellant.

*Guy H. Jones,* for appellee.

GEORGE ROSE SMITH, Justice. The appellant, claiming to be a holder in due course, brought this action to enforce three instruments, entitled Trade Acceptances, executed by the appellee Wellbanke and by Richard J. Martin. Wellbanke contended that the instruments were not negotiable and that he was therefore entitled to interpose in his defense certain breaches of contract on the part of the drawer, Chemical Products, Inc. The trial court, sitting without a jury, sustained Wellbanke's contentions. Negotiability is now the main issue.

In October 1962 Wellbanke and Martin signed a contract by which they became exclusive local dealers for Chemical Products. In the contract they agreed to purchase a quantity of merchandise, which was to be shipped to them for resale. At the trial Wellbanke testified that Chemical Products violated certain oral assurances that its agent had given, such as a promise to prepay the freight on the shipment and a promise not to transfer or assign the Trade Acceptances to anyone else.

The three instruments, evidencing the unpaid purchase price, were alike except for serial numbers and dates of maturity. Apart from inessential matters such as the drawer's telephone number, the instruments were in this form:

Chemical Products Incorporated
Salt Lake City, Utah

No. 687 *October* 5, 1962.
On *November* 10, 1962 Pay to the order of Chemical Products Inc. *Two Thousand Four Hundred Thirty-two and no*/100 *Dollars* ($2,432.00).
The transaction which gives rise to this instrument is the purchase of goods by the acceptor from the drawer.
Chemical Products Inc.
By *Bob Chron*

Accepted at *Conway, Ark.* on *Oct.* 5, 1962.
Payable at *First National Bank*

Bank Location *Conway, Ark.*
Buyer's Signature *Joe Wellbanke*
      & *Richard J. Martin*

Neither the trial court nor the appellee's attorney has suggested any reason for holding the instruments to be nonnegotiable. To the contrary, they contain all the elements of negotiability specified by the Uniform Commercial Code. Ark. Stat. Ann. § 85-3-104 (Add. 1961). The mere reference to the transaction giving rise to the instruments does not affect negotiability. *Trice* v. *People's Loan & Inv. Co.,* 173 Ark. 1160, 293 S. W. 1037 (1927); Ark. Stat. Ann. § 85-3-119. In view of the undisputed proof that the plaintiff was a holder in due course it took the instruments free from the defenses relied upon by Wellbanke. Section 85-3-305.

Upon remand it is possible, although unlikely, that one other matter may arise. The appellant insists that the appellee's failure to answer requests for admissions of fact within ten days, as requested, had the effect of admitting the truth of the requests. Counsel for the appellee states in his brief that he was given an extension of time for answering the requests. No such extension, however, appears in the record. Unless the asserted extension is proved the requests must be taken to have been admitted. Ark. Stat. Ann. § 28-358; see *White River Limestone Products Co.* v. *Missouri-Pac. R. R.,* 228 Ark. 697, 310 S. W. 2d 3 (1958). In all probability, however, the negotiability of the Trade Acceptances makes this matter immaterial.

Reversed.