W. J. STOCKER AND MRS. C. F. DUGAN v.
THE SOUTHWESTERN COMPANY

5-4671                                    432 S.W. 2d 481

Opinion Delivered October 14, 1968

*Estes & Brazil* for appellants.

*Walter R. Niblock, Richard Hipp* and *Mahlon G. Gibson* for appellee.

JOHN A. FOGLEMAN, Justice.   W. J. Stocker appeals from a summary judgment against him. The cause of action was instituted on March 21, 1967 by The Southwestern Company.   In its complaint it sought to recover from appellant and Mrs. C. F. Dugan, jointly and severally, the amount of $500 on an indemnity agreement executed by them.   Under this agreement, Dr. Stocker and Mrs. Dugan made themselves responsible for payment for books and cash furnished to one James Orion Baxter under a contract by which Baxter became a dealer in publications issued by appellee.   This contract required Baxter to mail a complete report to the company at the end of each week and to remit, weekly during the selling season and daily during the delivery period, all money collected, with the exception of necessary business expenses.   Stocker and Mrs. Dugan agreed to make payment if Baxter failed to do so within thirty days after the selling season.   The limit of their total liability was $500.   There is nothing in the record to show that process was ever served upon Mrs. Dugan, although she was named a party defendant in the complaint.

Appellant filed a motion on June 16, 1967, demanding that appellee proceed against the principal, Baxter, before proceeding against him.   The only service of this notice was made upon the attorney for The Southwestern Company.   Subsequently, on July 13, Stocker filed a motion demanding that The Southwestern Company proceed against both the principal and the other surety before proceeding against him.   No service of this motion was had upon anyone except appellee's attorney.

On August 23, appellant filed a motion for summary judgment, claiming that appellee had failed to commence suit against the principal and the other surety within thirty days after notice as required by Ark. Stat. Ann. § 34-333 (Repl. 1962). He contended that he was exonerated from liability for this reason, under Ark. Stat. Ann. § 34-334. A receipt for mail addressed to Mr. Fred Landers, The Southwestern Company, Nashville, Tennessee, with a Fayetteville postmark of July 13, was exhibited. A supporting affidavit by Stocker incorporated correspondence between him and appellee. One of the letters, dated February 10, 1966, suggested to appellee that the account should be turned over to an Oklahoma City collection agency. In short, Dr. Stocker stated that he did not feel that appellee had exhausted all areas of collection until an attempt through such an agency resulted in failure. The response to this suggestion advised Dr. Stocker that a collection agency would call upon him and Mrs. Dugan when attempts at collection from Baxter were unsuccessful and that this would simply result in a 50% loss to the company. In a separate letter on the same date, appellee made a formal demand on Dr. Stocker for the payment of the $500 guarantee. Another exhibit to this motion for summary judgment was a copy of a letter from the collection manager of appellee to Baxter at Oklahoma City dated March 1, 1966, in which payment was demanded and means suggested by which Baxter might reduce the debt and pay the balance. Controverting affidavits opposing the motion were filed by appellee. They were made by Bill Swindler, who stated that he was in charge of the books, records and accounts of the company and familiar with the transaction. One of the affidavits stated that Baxter had no property in Arkansas upon which execution or attachment could be had. The other stated that, after default, Baxter left Arkansas and absconded to Oklahoma, and that appellee's attempts to locate him only brought information that Baxter had joined the navy. According to affiant, The Southwestern Company was unable to obtain service of pro-

cess on Baxter and to judicially pursue the debt because of the fact that he was then in the navy. Affiant further stated that Baxter was a minor at the time of the execution of his contract and that his company could not proceed with a law suit due to the fact that Baxter had renounced liability.

Appellant's motion for summary judgment was denied on October 23, 1967, upon the ground that the opposing affidavits created material issues of fact. Appellant contends that this action by the trial court was erroneous. While there is probably support for the action of the trial court in this regard, we need not consider this point for we have held that an order denying a motion for summary judgment is not appealable. *Carl W. Widmer* v. *Fort Smith Vehicle & Machinery Corp.,* 244 Ark. 971, 429 S.W. 2d 63. Stocker filed an answer denying the material allegations of appellee's complaint. One of his defenses was the claim of exoneration of appellant by reason of notice to appellee to enforce the obligation of the principal and other surety, and failure of appellee to act as required by Ark. Stat. Ann. § 34-334.

By reason of appellant's failure to answer a request for admissions, it is deemed admitted that appellant signed the instrument upon which he was sued, that appellee had demanded payment and that payment had not been made. Ark. Stat. Ann. § 28-358 (Repl. 1962). On January 18, 1968, appellee filed its motion for summary judgment based on all pleadings and upon an additional affidavit of Bill Swindler. In this affidavit, Swindler stated that Baxter was indebted to appellee in the amount of $774.61 under the contract; that appellee had performed the terms and conditions of both contracts; that Stocker had signed the instrument; that appellee had demanded payment and that payment had been refused by Stocker. Shortly thereafter, appellant filed another motion for summary judgment based on the contention that he was exonerated by reason of the failure of appellee to commence suit within thirty days after

his letter of February 10, 1966, and the notice of July 13.

On February 12, 1968, the trial court found that there were no issues of material fact and granted appellee a summary judgment. In the order on these motions for summary judgment, the trial court recited that Mrs. C. F. Dugan had removed herself from the state and the sheriff was unable to locate her for the service of process. The court denied appellant's motion for summary judgment. Of course, the denial of appellant's second motion for summary judgment was not an appealable order.

The only argument advanced for reversal is based upon the contention that appellant was exonerated by Ark. Stat. Ann. §§ 34-333—4. In considering this argument, we must give this statute a very strict construction, as we have always done. *Cummins & Fenno* v. *Garretson,* 15 Ark. 132; *Sims* v. *Everett,* 113 Ark. 198, 168 S.W. 559. Under a strict construction of the act, appellant's letter of February 10, 1966 cannot be considered as ''notice in writing, requiring the person having such right of action, forthwith to commence suit against the principal debtor, and the party liable.'' There was a suggestion of resort to a collection agency only. Furthermore, no mention was made of the other surety in this request, as required by strict construction of the statute. *The W. T. Rawleigh Co.* v. *Moore,* 196 Ark. 1148, 121 S.W. 2d 106.

The motion and notice of June 16th was not relied on by appellant, probably because no demand for action on the other surety was included.

Insofar as the motion and notice of July 13th is concerned, appellant cannot assert any rights under the act in question because it was repealed by § 36 of Act 303 of 1967. This act did not contain an emergency clause, so it became effective on June 29, 1967, ninety days

after adjournment of the 1967 regular session of the General Assembly. *Fulkerson* v. *Refunding Board*, 201 Ark. 957, 147 S.W. 2d 980.

Appellant could not, in any event avail himself of the benefit of the statute upon which he relied by reason of the fact that notice to the attorney is not sufficient notice to the creditor. The act requires the service of notice on the creditor. See *Cummins & Fenno* v. *Garretson, supra.* Appellant argues that his service of notice upon appellee's attorney was adequate because of Ark. Stat. Ann. § 27-1210 (Repl. 1962). We do not agree. Section 27-1210 is applicable only for the giving of notice of a motion or proceeding to be taken in court or before a judge. The notice required by Ark. Stat. Ann. §§ 34-333—4 is not of this type. A similar statute to § 27-1210 was considered in *Cummins & Fenno* v. *Garretson, supra,* and it was held that notice of this type to the attorney, either before suit or during the progress thereof, was not sufficient.

Since we find no merit in appellant's contentions, the judgment is affirmed.

BYRD, J., concurs.