WILLIAMS-BERRYMAN INS. CO., INC. v. CARL MORPHIS, ET AL

5-4911                                    440 S.W. 2d 227

Opinion Delivered May 12, 1969

*Williams & Gardner* for appellant.

*Laws & Schulze* and *Don Stumbaugh* for appellees.

LYLE BROWN, Justice.   Williams-Berryman Insurance Company, Inc., appeals from a summary judgment awarded appellees, Carl Morphis and wife, and First Federal Savings & Loan Association of Russellville. The trial court found (1) that requests for admissions served on Williams-Berryman were answered out of time and should be treated as admitted; and (2) that there remained no genuine issue as to any material fact.   Appellant asserts error as to both findings.

The Morphis house burned in February 1966.   First Federal held a mortgage on the property.   Originally the house was insured with Peoples Indemnity Insurance Company of Arkansas.   That insurance was obtained through Williams-Berryman, a Russellville insurance agency.   In 1965, Peoples Indemnity was declared insolvent and the policy was transferred to Homestead Fire and Casualty Insurance Company of Pine Bluff, Arkansas.   A claim was filed with Homestead immediately after the fire but Homestead went into receivership some two and one-half months after the filing of the claim and before collection was effected.   The home owners and their mortgagee instituted suit against Williams-Berryman.   That agency was charged with negligence in failing to place the original policy with a financially sound company, in failing to see that the policy was reissued with a company capable of paying claims, and in failing to process the claim before the insolvency of Homestead Fire.

Plaintiffs served requests for admissions and asked that they be answered within ten days.   Answers thereto were filed some seventeen days later.   Thereafter and because of the late filing the trial court treated the

assertions as admitted; whereupon the motion for summary judgment was granted.

Williams-Berryman asserts two points as grounds for reversal. The first point actually has three prongs and for clarity we will discuss them separately.

I (a). *It was not the legislative intent that the statutory ten-day period be followed strictly.* Certainly we can agree that there is no legislative mandate to the effect that there can be absolutely no exception to the requirement. For example, when the answering party is acting in good faith and but for unavoidable casualty would have timely answered, the tardy litigant might well be excused. See Moore's Federal Practice § 36.05 [4]. But appellant's dilemma arises from the fact that the record is silent as to the reason for the delay in filing. To avoid an unintended omission due to delay the defaulting party certainly should come forward with an acceptable explanation for the delay. The appellee failed to timely answer requests for admissions in *Federal Factors* v. *Wellbanke*, 241 Ark. 44, 406 S.W. 2d 712 (1966). This court there pointed out that on retrial appellee should insert in the record his defense for late filing; otherwise, the requests would necessarily be considered admitted.

I (b). *Appellees had already received, by way of answers and objections to interrogatories, appellant's responses to a number of the requests for admissions.* The Morphises and Federal Savings filed with their complaint a set of interrogatories. The answer to one of those interrogatories covered the same subject matter as one of the subsequent requests for admissions. The last four interrogatories concerned the ratings of the two fire insurance companies by Best's Insurance Guide. Williams-Berryman refused, on grounds of immateriality, to answer those questions. The same subject matter was covered in the requests for admissions. Williams-Berryman here contends that appellees should

be required to refer to the responses to those interroga-
tories and thereby ascertain Williams-Berryman's an-
swers to the corresponding requests for admissions. That
requirement would relieve Williams-Berryman of ad-
mitting the truth of five of the requests for admissions.

As a general rule a party may proceed by interro-
gatories and by request for admissions without being re-
quired to elect. 2A Barron & Holtzoff, Federal Prac-
tice & Procedure, § 772 (1961). The same authority
points out, in the same section, that although the various
discovery procedures are complementary, the use of more
than one procedure may become an instrument of op-
pression. That situation was recognized by our court
in *Widmer* v. *Ft. Smith Vehicle & Machinery Corp.*, 244
Ark. 626, 427 S.W. 2d 186 (1968). We held that the
trial court had the inherent power to bridle oppressive
discovery methods.

The precise question before us is a narrower one.
The defendant responded to a set of interrogatories,
fifteen in number, filed contemporaneously with the
complaint in October 1966. In January 1968 the de-
fendant was served with requests for admissions, twen-
ty-nine in number. Five of those requests can be said
to have been covered, either by answer or objections, in
the answers to the interrogatories. In those circum-
stances was the defendant excused from answering those
five requests for admissions? There is no contention
that the subject matter was repeated as a dilatory or
oppressive measure, nor did the defendant seek by court
order to have the requests stricken; see Barron & Holtz-
off, supra. Under the circumstances we hold that the
defendant was obliged to respond to all the requested
admissions.

Fundamentally, interrogatories and requests for ad-
missions are designed for different purposes. Interro-
gatories are designed to elicit information, some of which
might be inadmissible at trial but may lead to the discov-

ery of admissible evidence. Admissible portions of interrogatories may be read as evidence but they do not necessarily eliminate from the issues the facts covered. To the contrary, answers to admissions make it unnecessary to submit proof on issues settled by the answers and confine the trial to "vital and disputed issues." *People* v. *The Jules Fribourg,* 19 F.R.D. 432 (Calif. 1955). In *Electric Furnace Co.* v. *Fire Ass'n. of Philadelphia,* 9 F.R.D. 741 (Ohio 1949), it was pointed out that answers to interrogatories do not eliminate the requirement of proof of facts while admissions do relieve the parties of the cost of proving undisputed facts. It was there held that plaintiff was entitled to an admission notwithstanding the previous interrogatories supplied the information. We confine our holding to the facts and circumstances in the case at bar; the cited cases from other jurisdictions lend credence to our conclusion.

I (c). *The attorney's certificate of service of requests for admissions should have been supplemented by proof of time of delivery.* The certificate of service attached to the requests is not too revealing. Counsel for appellees there certified that "a copy of this document has been served on the defendant or his attorney by ordinary mail." The only date thereon is the date the certificate was executed. However, the fallacy in this point is that it is raised for the first time on appeal. When the matter came on for hearing on the motion for summary judgment, which motion included the prayer that the unanswered requests be treated as admitted, it was the duty of appellant to assert any challenges it considered meritorious. Also, it is noted that appellant does not contend the requests were not served some seventeen days before they were answered.

II. *Alternatively, if the failure to respond in time to the requests results in the requests being admitted, there is still remaining to be resolved a genuine issue as to one or more material facts.* The contention is correct. It must be remembered that the suit is based on negli-

gence. Certainly a number of the admissions could be interpreted by the trier of facts as casting doubt on the diligence of Williams-Berryman in handling the insurance account of appellees; however, when all doubts and inferences are resolved against the movants, we cannot say that only one conclusion can be reached. To uphold the summary judgment it would have to be said there is no possible defense to the charge of actionable negligence. That we cannot do.

As the record now stands the requests are treated as admitted but the summary judgment should be set aside.

Reversed and remanded.