## ENERGY OIL CO. *v.*
## ROSE OIL CO. OF PINE BLUFF

5-5553                           465 S. W. 2d 690

Opinion delivered April 19, 1971

*W. F. Denman Jr.,* for appellant.

*Wootton, Lamb & Matthews,* for appellee.

LYLE BROWN, Justice. Appellant instituted this suit under the Unfair Practices Act to prohibit appellee from retailing gasoline at less than cost. Ark. Stat. Ann. § 70-301 et seq. (Repl. 1957). The chancellor granted appellee's motion for summary judgment. The case must be affirmed under Rule 9 (d).

The documents on file at the time the summary judgment was granted consisted of the complaint, the answer, motion for summary judgment, affidavit of W. F. McGhee for appellee, affidavit of Horace Jones for appellant, request for admissions and answers thereto, and two sets of interrogatories and answers. No abstract in the first person was made of the contents of the affidavits; appellant merely states *its conclusions* respecting two items mentioned in the affidavits. Abstracting the affidavits in the first person would permit us to reach *our own conclusions.* Neither the request for admissions nor the request for interrogatories is mentioned in the abstract. The judgment of the court

is referred to only scantily. The purported abridgement of the record is not such as enables us to fairly understand the issues and to rule equitably thereon.

Appellant, in its reply brief, inserted nine pages of abstracting in an effort to cure the dilemma. That procedure has been disapproved. *Young* v. *Farmers Bank & Trust Co.,* 248 Ark. 613, 453 S. W. 2d 47 (1970); *Tenbrook* v. *Daisy Mfg. Co.,* 238 Ark. 532, 383 S. W. 2d 101 (1964); and *Reeves* v. *Miles,* 236 Ark. 261, 365 S. W. 2d 460 (1963). In *Reeves* we said "we do not intimate that an appellant would be penalized for a mere deficiency such as may result from inadvertence or from a failure to anticipate the appellee's arguments." The void in the abstract at hand does not fall within the categories mentioned.

Affirmed.