Wendell SHERMAN, by his Father and
Next Friend, William SHERMAN *v.* George KEENE
and Kaylor DICKERSON

74-79                                510 S.W. 2d 870

Opinion delivered July 1, 1974

*Hardin, Rickard & Harmon,* by: *Curtis E. Rickard,* for appellant.

*McMillan & McMillan,* by: *H. W. McMillan,* for appellees.

LYLE BROWN, Justice. This suit was brought on behalf of Wendell Sherman for injuries allegedly received when George Keene, an employee of Kaylor Dickerson, appellee, inserted a high pressure hose into the rectum of Wendell Sherman and released pressured air into his body. This appeal is from a summary judgment granted Dickerson. It is contended the judgment was entered without notice and that there were material issues of fact for the jury's consideration.

Kaylor Dickerson operated a retail gas and oil station in Saline County. It appears that Dickerson spent considerable time away from the station, leaving it in charge of an employee. On the day in question Dickerson was away. Wendell Sherman and his brother, along with some other

young men, were at the station consuming cold drinks. George Keene is alleged to have suddenly grabbed Wendell Sherman and inserted the air hose as heretofore related.

The allegations against Kaylor Dickerson were not based on *respondeat superior*. Seven acts of negligence were alleged against Dickerson. They were: (1) failure to adequately supervise his employees, (2) failure to properly instruct them in the proper behavior in the performance of their duties, (3) failure to instruct them in the proper treatment of customers, (4) failure to provide a safe place of business for the customers, (5) hiring an individual whom he knew or should have known would tease or torment invitees on the presmises, and (7) leaving his premises in control and in charge of one who permitted card playing and other frivolous activities to take place on the premises. Allegation No. 6 is repetitive.

Kaylor Dickerson filed an answer in the form of a general denial. Dickerson then propounded sixteen interrogatories to appellant and they were timely answered. Dickerson then took the discovery depositions of all of appellant's witnesses, Ray Carter, Joey Sherman, Wendell Sherman, and William Sherman. The foregoing documents were filed and accompanied by a motion by Dickerson for summary judgment. The only instrument filed by appellant in response to the motion for summary judgment was a short unverified brief. Two weeks later the trial court granted summary judgment.

One week after the granting of the summary judgment appellant filed an instrument styled "Objections and Exceptions". This instrument pointed out that the judgment was granted without a formal hearing. It was also argued that ample evidence for possible liability was reflected in the discovery depositions.

We now consider the first point for reversal, namely, that the court should have conducted a hearing on the motion for summary judgment. We are cited to Ark. Stat. Ann. § 29-211 (Repl. 1962). Subsection (c) provides that "The motion shall be served at least 10 days before the time fixed for the hearing". Appellant does not claim he was in any way prejudiced by failure of the court to fix a date for formal hearing.

Appellant had adequate timely access to the depositions. Appellant thereafter filed a response to the motion and referred to the contents of the depositions in support of his argument against granting the motion for summary judgment. The prayer of that motion was that the summary judgment be denied. No motion was ever made for a formal hearing. We conclude that the point is without merit.

On the second point we hold that the trial court acted properly in granting the summary judgment. We are not unmindful of the rule cited by appellant to the effect that a summary judgment should be entered only if the proof presents no issue for the jury. *Bergetz* v. *Repka*, 244 Ark. 60, 424 S.W. 2d 367 (1968). The same authority requires us to view the evidence in the light most favorable to the one resisting the motion.

We have carefully examined the detailed abstracts of the testimony taken by discovery. We are unable to find a submissible issue among the seven allegations of negligence which we have heretofore enumerated. We forego a discussion of the specific testimony in that respect because it would be of negligible value as a precedent.

Affirmed.