BWH, INC., d/b/a THE COUNTRY
SQUIRE, et al *v*. METROPOLITAN
NATIONAL BANK

79-100                                                   590 S.W. 2d 247

Opinion delivered November 26, 1979
(Division I)
[Rehearing denied January 7, 1980.]

*James A. Neal,* for appellants.

*House, Holmes & Jewell,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellee Metropolitan National Bank brought suit against appellants, BWH, Inc., James A. Neal and Charles A. Neal on a promissory note executed by BWH, Inc. and Charles A. Neal. The note was dated August 23, 1977, for $27,000, with interest at the rate of 10% per annum. Appellee alleged that Charles A. Neal and James A. Neal had executed a guaranty of the indebtedness of BWH, Inc. on August 30, 1977. Appellants answered, admitting their status and residence, but otherwise generally denying appellee's allegations. Appellee then filed requests for admissions addressed to James A. Neal and Charles A. Neal separately. No responses were ever filed by either. On September 27, 1978, 19 days after the filing of the requests for admissions, appellee filed a motion for summary judgment, based upon the failure of appellants to answer the requests for admissions. On the same day, appellants addressed interrogatories to appellee, which were answered

October 20, 1978. Appellants filed a response to the motion for summary judgment on October 9, 1978. In the response, appellants stated that there were genuine issues of material fact to be adjudicated, that they verily believed that defenses could be raised by further pleadings, that interrogatories to appellee had been propounded prior to the filing of the motion for summary judgment but that no response had been received, that appellants had been diligent in conducting discovery, and that responsive pleadings by them prior to receipt of responses to the interrogatories would be irresponsible and spurious.

On November 7, 1978, appellants filed an amended response to the motion for summary judgment. Appellants stated that their attorney had received, by regular mail, appellee's request for admissions on September 11, 1978, a notice of trial date of March 5, 1979, on September 19, 1978, and appellee's motion for summary judgment on September 29, 1978. Appellants asserted that the motion for summary judgment was filed prior to the time fixed by statute for answering the requests for admissions. Appellants also alleged that Steve Riggs, appellee's attorney, had, on or about October 3, 1978, indicated to the attorney for appellants that no further action would be taken on the motion for summary judgment until appellee responded to the interrogatories propounded to it, and that appellants' attorney had informed Riggs that there were justiciable issues and valid defenses to be raised and that he was attempting to conduct discovery as provided by law. Appellants excused their failure to file controverting affidavits by saying that appellee had filed no supporting affidavits and the motion was untimely filed. (No objection to the premature filing of the motion had been made in the response filed October 9.) Appellants also alleged that, after their attorney received appellee's response to their interrogatories on October 23 or 24, 1978, he attempted to contact Charles A. Neal, an active member of the United States Army, stationed at Ft. Sam Houston, for the purpose of discussing the responses to the interrogatories and further discovery by depositions, but was unsuccessful until Charles Neal came to Little Rock on October 30, 1978, when it was decided that further discovery was necessary. Appellants also alleged that, on November 2, 1978, their

attorney received a copy of a letter to the circuit judge enclosing a precedent for summary judgment, and indicating that the judge had requested the precedent. Appellants further alleged that on November 3, 1978, appellee's attorney was informed by telephone that appellants had not completed discovery and that they proposed to take the deposition of Weldon McWhirter, an officer of appellee, but, several minutes later, appellant's attorney received a telephone call from the circuit court law clerk, who stated that the summary judgment would be entered, but the judge was out of town and would return on November 7, 1978. They alleged that the law clerk was informed that appellants would file additional pleadings and affidavits. Appellants asserted that they had been diligent in their attempts to complete discovery and file responsive pleadings but were unable to do so without completion of discovery. Appellants also asserted that appellee was not entitled to summary judgment because the motion was untimely filed, since no time for hearing on the motion had been fixed as required by Ark. Stat. Ann. § 29-211 (c) (Supp. 1977) and because appellant was not entitled to summary judgment "as a matter of law required by Ark. Stat. Ann. §§ 29-201 and 29-211."

This amended response was supported by the affidavit of appellant James A. Neal, who is also attorney for appellants. In that affidavit, he asserted that: McWhirter, an officer of appellee, had stated on oath in response to appellants' interrogatory that the promissory note was not a renewal of a previous note or notes but that the note exhibited with the complaint stated on its face that it was a renewal; BWH, Inc. and Charles A. Neal had received no consideration for the promissiory note; Charles A. Neal and James A. Neal received no consideration for the execution of the guaranty executed some seven days after the note was executed; and other guarantors may be liable to appellee or appellants, but entry of summary judgment might be res judicata against said liability or contribution as allowed by Ark. Stat. Ann. § 27-1134.1 (Supp. 1977). This affidavit also contained the following allegations: that appellee's response to an interrogatory was that, as part of the sale of BWH, Inc., the proceeds of the note which was the subject of the suit were used to pay off the outstanding indebtedness of that

corporation evidenced by certain notes, but that affiant had not received any proceeds or documents reflecting that the indebtedness was paid off as part of the sale of the corporation; and that this sale was the subject of an action by Charles A. Neal and James A. Neal to recover damages from Dewey L. Buffington for alleged fraud in the sale of stock in BWH, Inc. by him to the Neals. Appellants again asserted that they had not been granted sufficient time or opportunity for full discovery.

On November 17, 1978, appellants filed a motion to set aside the summary judgment, which had been entered on November 7. The following grounds were alleged: the motion was a nullity because it was untimely filed; the judgment was entered without notice of the date and time fixed for the hearing; the judgment was entered without a hearing; there was no statutory authority specifically allowing for the summary judgment, or, in the alternative, the extent of relief granted exceeded the lawful purpose and intent of summary judgment statutes and the judgment was not well founded in law or fact; the record clearly reflects that there were material issues of fact and law that appellants were attempting to raise by discovery; and the entry of summary judgment within approximately 80 days of the institution of this suit while various pleadings were filed and discovery was being conducted was a denial of appellants' legal right to defend against the claim and unlawfully foreclosed appellants' remedies.

Appellants' motion was denied because the trial judge found that appellants had not, even to the date of the denial, November 22, 1978, injected any factual issues to be resolved in this case.

Appellants contend that summary judgment may be granted in Arkansas only in those specific situations authorized by Ark. Stat. Ann. § 29-201 (Repl. 1979), and that no summary judgment may be rendered in an action on a promissory note. They quote from an article on the summary judgment procedure written by Dr. Robert A. Leflar more than a decade before the adoption of Ark. Stat. Ann. § 29-211 (Repl. 1962). That article contained a statement that most states, like Arkansas, restrict the summary judgment

procedure to a limited group of actions. *Minimum Standards of Judicial Administration – Arkansas,* 5 Ark. L. Rev. 1, 7. In the same comments on summary judgment procedure, Dr. Leflar also pointed out that Rule 56 of the Federal Rules of Civil Procedure made summary judgments available in federal courts in all appropriate cases regardless of the type of action involved.

It is appellants' contention, however, that by the subsequent act (Act 123 of 1961, digested as Ark. Stat. Ann. § 29-211) adopting Rule 56 of the Federal Rules of Civil Procedure, the legislature merely prescribed procedures to be used in the limited group of actions enumerated in other specific statutes, none of which mention actions on promissory notes. They rely particularly on § 2 of the Summary Judgment Act providing that "This Act is cumulative and supplementary to existing provisions governing summary judgments, and does not in any manner amend, repeal, or supersede such provisions." The mere fact that the act did not amend, repeal or supersede existing statutory provisions does not limit the effect of the act to providing a procedure for obtaining summary judgment in cases authorized by other statutes, even if it actually does that. If the act were merely supplementary, appellants' argument would carry more weight. The word cumulative, as used in the act, is indicative, however, of an addition to existing provisions for summary judgments. Since the act is both cumulative and supplementary to existing provisions, we find no merit in this argument.

Appellants argue that, since the General Assembly passed Act 30 of 1961 adding another category to cases in which summary judgments are permissible under Ark. Stat. Ann. § 29-201 at the same session it adopted Federal Rule of Civil Procedure 56, the General Assembly intended to limit the scope of Act 123, so that it is only a procedural implementation of § 29-201. This argument is not persuasive.

Appellants contend that the record and proceedings establish the presence of issues of fact. In this case, appellants' failure to answer the requests for admissions, in effect, admitted the allegations of the complaint. The time allowed

for answer to the request for admissions under Ark. Stat. Ann. § 28-358 (Supp. 1977) was 20 days after the services of the requests. Appellants take the position that there was no service of the request until September 11. Appellants, however, never filed any response to the requests. They satisfied themselves by filing, on October 9, a response to appellee's motion for summary judgment which had been filed on September 29. A response to requests for admissions must be a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why the party to whom the request is directed cannot truthfully admit or deny those matters or written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part. Sec. 28-358 (a) (Supp. 1977). Appellants' response to the motion for summary judgment did not begin to conform to these statutory requirements. Those requests must be taken as admitted, because no attempt was made to answer them, either in the allotted time or after its expiration. Ark. Stat. Ann. § 28-358 (a); *Federal Factors, Inc.* v. *Wellbank,* 241 Ark. 44, 406 S.W. 2d 712; *Stocker* v. *Southwestern Co.,* 245 Ark. 350, 432 S.W. 2d 481. These admissions establish the execution of the instruments upon which the suit was brought and that the indebtedness evidenced by the note remains unpaid.

The signatures on the commercial instrument on which suit was brought were not *specifically* denied in the pleadings, so they stood as admitted in any event. Ark. Stat. Ann. § 85-3-307 (1) (Addendum 1961). The signatures being admitted, appellees would have been entitled to a judgment upon production of the instrument, unless the defendant established a defense. Ark. Stat. Ann. § 85-3-307. Appellants have never sought to establish a defense, except for their belated attempt in their amended response to the motion for summary judgment to assert want of consideration. Want of consideration is an affirmative defense to an instrument. Ark. Stat. Ann. § 85-3-408 (Addendum 1961). It was never pleaded, even though appellants filed an answer. Affirmative defenses must be pleaded by answer. Ark. Stat. Ann. § 27-1121 (Repl. 1962). *Stolz* v. *Franklin,* 258 Ark. 999, 531 S.W. 2d 1. Appellants could not raise an issue not raised

by the answer by simply amending their response to the motion for summary judgment. Although the burden of demonstrating the non-existence of a genuine issue of fact is on the moving party, a plaintiff moving for summary judgment after answer has been filed is not required to negate defenses not raised by the answer. See *Ashley* v. *Eisele,* 247 Ark. 281, 445 S.W. 2d 76.

Appellants do not point out any significant fact issue in their brief here. They state that the promissory note, in the handwriting of an officer of the bank, reflects on its face that the note was a renewal,[1] but in answering one of appellants' interrogatories, an officer of the bank had answered that the note was not a renewal of a previous note. Appellants have failed to demonstrate the significance of this apparent conflict.

We are not persuaded that appellants have demonstrated that there is any material fact issue. At best, appellants ask us to speculate that further discovery would develop a material fact issue, without indicating what they expect to discover. A mere suspicion in the mind of the party against whom summary judgment is sought will not create a genuine issue of fact, nor does it suffice as good cause for further discovery. *Marrow* v. *State Farm Ins. Co.,* 264 Ark. 227, 570 S.W. 2d 607. The record before us does not remove the further discover sought by appellants from the category of an outright and unadulterated fishing expedition — something we have never sanctioned under Ark. Stat. Ann. § 28-356 (Repl. 1962). *Marrow* v. *State Farm Ins. Co.,* supra.

Appellants also contend that the summary judgment should be set aside because they were not given notice of the date and time fixed for hearing on the motion as required by Ark. Stat. Ann. §§ 29-202 — 29-204 (Repl. 1979) and § 29-

---

[1] This statement by appellants is not supported by their abstract of the note which simply states, "Printed promissory note with handwritten entries." After appellee pointed out, in its brief, that appellants had failed to abstract the note and guaranty agreement, appellants attempted to supply the deficiency in their reply brief. This was too late to be considered. *Energy Oil Co.* v. *Rose Oil Co.,* 250 Ark. 484, 465 S.W. 2d 690; *Merritt* v. *Merritt,* 263 Ark. 432, 565 S.W. 2d 603; *Young* v. *Farmers Bank & Trust Co.,* 248 Ark. 613, 453 S.W. 2d 47.

211. The first two sections apply only to proceedings under § 29-201. Failure to hold a hearing under Ark. Stat. Ann. § 29-211 is not always fatal to a summary judgment when a party against whom the judgment is entered is not prejudiced. *Sherman* v. *Keene,* 256 Ark. 850, 510 S.W. 2d 870; *Purser* v. *Corpus Christi State National Bank,* 258 Ark. 54, 522 S.W. 2d 187. Although we do not approve of the disposition of a motion for summary judgment without notice and hearing, we will not reverse a summary judgment when it is manifest that the error is not prejudicial. *Purser* v. *Corpus Christi State National Bank,* supra. Appellants contend that they were prejudiced because appellee's requests for admissions were taken as admitted when appellants' time for answering had not expired under Ark. Stat. Ann. § 28-358 (Supp. 1977). The time allowed for answer under that statute was 20 days after service of the request. Appellants did not seek or obtain an extension of time for answering the requests. They do contend that they were assured by appellee's attorney, on October 3, 1978, that the motion for summary judgment would not be pursued until appellee had answered appellants' interrogatories. Appellants' attorney received these answers on October 23 or 24. The proposed summary judgment was received by appellants on November 2. Appellants filed nothing until November 7, at which time they filed their amended response, a few hours after the judgment had been entered. Since appellants never attempted to answer the requests for admissions, at least prior to November 7, they are in no position to say that they were prejudiced by the filing of a motion for summary judgment one day prior to the expiration of the time for answering the requests, even if appellants' calculation of the time is accepted.

Until the filing of the amended response after appellants' attorney had been advised that summary judgment was about to be entered, appellants had never requested a hearing on the motion for summary judgment. Rule 2e of the Uniform Rules for Circuit and Chancery Courts provides that, unless a hearing on a motion is requested by counsel or is ordered by the court, a hearing will be deemed waived and the court may act upon the matter without further notice five days after the time for the movant's reply to a response has

expired. Under that rule, the court could act, and action on either November 2 or November 7 was not necessarily premature.[2] The reason appellants did not file a request for a hearing between October 24 and November 7 has not been shown. We have no idea what affidavits appellants could possibly have filed in opposition to appellants' motion or the admissions made. Appellants were not excused from filing opposing affidavits to show a material issue of fact, as they seem to think, by appellee's failure to file supporting affidavits when appellee could show entitlement to judgment on the basis of admitted facts and the absence of any issue on any affirmative defense. It is quite difficult to see why appellants could not assert want of consideration for the instruments upon which the suit was based without discovery procedures.

A party opposing a motion for summary judgment must be diligent in countering the motion and mere general allegations which do not reveal detailed and precise facts will not prevent the award of summary judgment. *Ashley* v. *Eisele,* 247 Ark. 281, 445 S.W. 2d 76. We conclude that there manifestly was no prejudice to appellants in not having a hearing on the motion for summary judgment or in the lack of notice.

Appellants also contend that the trial court erred in denying its motion to set aside the judgment. What we have said heretofore is dispositive of the issues raised by that motion. Appellants filed a brief in the trial court in support of that motion. Statements in that brief which are not supported by pleadings or affidavits filed in the case cannot be considered by us on appeal. See *Ashley* v. *Eisele,* supra.

The judgment is affirmed.

We agree. GEORGE ROSE SMITH, HICKMAN and PURTLE, JJ.

---

[2] Appellee has endeavored to introduce a copy of a letter addressed to the circuit judge, with copy to appellants' attorney, and dated October 26, 1978, in which he asked a ruling on the summary judgment or, alternatively, to set a hearing on the motion. Appellants' attorney denies that he received such a letter. We do not consider this letter, because we cannot find it in the transcript of the record and the method used to bring in this matter outside the record is highly improper.