The Honorable James C. Scott State Senator 321 State Highway 15 South Warren, AR 71671
Dear Senator Scott:
This is in response to your request for an opinion concerning an arrangement whereby a nonprofit corporation would lease the county hospital and operate it. You state that "[t]he apparent purpose of this arrangement would be to enable the corporation to enter into joint venture arrangements with one or more counties to provide various types of services including health services and to enable the corporation to incur interest bearing long term indebtedness to purchase equipment for the hospital." You have asked the following specific questions in this regard:
 1. Can the county legally enter into such arrangement with a non-profit corporation?
 2. If the answer to question #1 is "yes," and if the non-profit corporation purchases equipment for use in the hospital, would the equipment so purchased be subject to ad valorem taxes?
Your first question cannot be answered with a simple "yes" or "no" in the absence of more detailed information concerning the "arrangement" in question, including all of the relevant terms and conditions thereof. It must also be noted that the review of particular contracts or other agreements is ordinarily outside the scope of an Attorney General opinion because such review necessarily entails factual determinations. Determining the legality or sufficiency of particular agreements is a function properly performed by the county attorney or other counsel to whom the county ordinarily looks for advice.
With regard, generally, to the county's authority to lease the hospital to a private, nonprofit corporation, reference must be made to A.C.A. §14-263-106(a) (1987), which states:
 Should the board of governors determine that it would be in the best interest of the citizens of the county that the hospital be operated or leased to some individual, firm, or corporation, the board may contract or lease the equipment and hospital facilities to the individual, firm, or corporation for such period of time and for such consideration and conditions as the board may deem wise, subject to approval of the contract or lease by the county judge and the quorum court of the county in which the hospital is located.
Subject to the county judge and quorum court's approval, therefore, the hospital board is vested with broad authority to determine the terms of a lease. See also A.C.A. § 14-263-105(b) and (c) (regarding the board's discretion and authority in connection with the county hospital's operation). Again, however, the particular "arrangement" would have to be considered, as well as the proposed "joint venture arrangements" mentioned in your correspondence. Your reference to "interest bearing long term indebtedness" suggests that particular consideration be given to the prohibition in Arkansas Constitution Article 16, Section 1 against the county's issuance of "any interest bearing evidences of indebtedness." Article 16, § 1 would generally prohibit the county from paying interest on debts. Whether art. 16, § 1 is implicated under any particular arrangement will, however, require a detailed review of the terms or conditions thereof.
Reference should perhaps also be made to Arkansas Constitution Amendment65 when considering a purchase agreement involving a county hospital. I have previously opined that a lease-purchase agreement entered into by a county-owned hospital could fall under Amendment 65 as a "revenue bond" where payment under the agreement is secured solely by some source other than local assessments and taxes, e.g., hospital revenues. See Op. Att'y Gen. 93-383. Interest could be paid on the debt in that instance. All of the conditions and laws governing "revenue bonds" under Amendment 65 would have to be met. See Ark. Const. Amend. 65 and A.C.A. § 19-9-601 etseq. (Repl. 1994).
The answer to your second question, assuming that the particular lease arrangement is lawful under its terms, is "yes," unless the corporation that purchases the equipment can establish that the property falls within an exemption. All property not exempt by the constitution and state laws is subject to taxation. See Ark. Const. art. 16, § 5(a) and Burbridge v.Smyrna Baptist Church, 212 Ark. 924, 209 S.W.2d 685 (1948). I assume that the property would not constitute "public property used exclusively for public purposes" (Ark. Const. art. 16, § 5(b)) because it would be owned by the nonprofit corporation, not the county. The exemption for "buildings and grounds and materials used exclusively for public charity" (id.) could conceivably apply if the corporation is a charitable organization. See generally Sebastian County Equalization Bd. v. WesternArk. Counseling Guidance Ctr., Inc. 296 Ark. 207, 752 S.W.2d 755
(1988), citing Burgess, Judge v. Four States Memorial Hospital,250 Ark. 484, 464 S.W.2d 690 (1971). This will, however, require a factual determination.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh