## GUTSHALL v. WOOD.
### No. 7662.

United States Court of Appeals for the District of Columbia.

Decided Nov. 3, 1941.

Chas. S. Baker, Benj. L. Tepper, and Warren E. Magee, all of Washington, D. C., for appellant.

Dorsey K. Offutt, Carlton F. Alm, and Louis Ginberg, all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and VINSON and RUTLEDGE, Associate Justices.

PER CURIAM.

The defendant was driving an automobile south on 16th street, northwest. The plaintiff was endeavoring to cross this street at its intersection with T. The traffic at the intersection was supposed to be controlled by signal lights. Defendant's car struck plaintiff, inflicting serious injuries for which a jury awarded $7,000. Defendant appeals.

The undisputed facts are: the accident occurred at night; the streets were wet from a recent rain; the defendant gave plaintiff no warning, did not slow down, and did not see her until she was four or five feet away, directly in his path; plaintiff was near the center line of 16th, within the northern crosswalk of T, when struck by the left front part of defendant's car; she was knocked to the center of the intersection.

The facts concerning which there is some conflict are: the distance defendant's car was from the west curb of 16th; the speed of his car, and whether plaintiff was obscured from his view by other cars. Defendant finally placed himself 20 or 25 feet from the west curb; 16th street is 49 feet wide. The other testimony and the circumstances of the accident place him near the center of the street. The estimated speed of the car ranged between 18 and 25 miles per hour (speed limit 22). One witness testified that defendant said immediately after the collision that he was going about 25 miles per hour. As to whether other cars obscured his view, defendant's testimony lacks perspicuity. He was not definite as to the number of cars ahead of him or the distance between his car and the one immediately in front. Several witnesses testified that there were no cars ahead of defendant as he came down 16th.

The vital fact over which there was dispute was whether plaintiff left the west curb on a green or a red light. Plaintiff and two witnesses stated that she left the west curb on a green light. She proceeded straight across the street but was hemmed in near the center line by 2 or 3 cars coming from T street and turning left to go north on 16th. The two witnesses said that the light changed to red while she was stopped near the center line. Plaintiff says that it was still green when she was hit. One witness stated that plaintiff left the curb on a red light. Two witnesses concluded that she did. The latter two did not see her leave the curb, did not see her as she crossed, and did not see her at all until her body was hurtling through the air after defendant's car had struck her.

The defendant did not give with any degree of definiteness. his position when the light controlling his actions turned green. He said that it was inside half a block. How much less than half a block is left to conjecture. The defendant, moreover,

mixed up his testimony in this respect with that concerning the cars ahead of him that were supposed to obscure his view.[1]

Thus we have at least this complete a picture of defendant's actions: he was driving an automobile at night on a wet street, approaching an intersection when the light was red against him, or had changed to green for him shortly before he reached T, at a rate of speed between 18 and 25 miles an hour; he did not slow his car as he approached and entered the intersection; he did not warn a pedestrian on the crosswalk because he did not even know that she was there until 4 or 5 feet away; and his testimony gave no persuasive explanation for his failure to see the pedestrian.

Consider that behavior in light of the ordinary due care demanded by the common law of torts. Consider it again in light of the following traffic regulations that were received in evidence:

"Article II, Section 4. Traffic Control Signal Legend.

"(a) Whenever traffic at an intersection is controlled by traffic-control signals exhibiting colored lights or the words 'Go.' 'Caution.' and 'Stop.' said lights and terms shall indicate as follows, except as provided in Section (6):

"The green or 'Go'—Traffic facing the signal may proceed, except that vehicular traffic shall yield the right of way to pedestrians and vehicles lawfully within a crosswalk or the intersection at the time such signal was exhibited.

"Yellow or 'Caution'—When shown with the green or 'Go' traffic facing the signal shall stop before entering the nearest crosswalk at the intersection, unless so close to the intersection that a stop cannot be made in safety.

"Red or 'Stop'—Traffic facing the signal shall stop before entering the nearest crosswalk at the intersection or at such other point as may be designated by the director, and remain standing until green or 'Go' is shown alone."

"Article III, Pedestrians' Rights and Duties.

"Section 6, Pedestrians' Rights and Duties at Controlled Intersections.

"At intersections where traffic is controlled by traffic-control signals or by police officers, drivers of vehicles shall yield the right of way to pedestrians crossing or those who have started to cross the roadway on a green or 'Go' signal, and in all other cases pedestrians shall yield the right of way to vehicles lawfully proceeding directly ahead on a green or 'Go' signal."

"Article IV. Operation of Vehicles.

"Section 22, Restrictions as to Speed:

"(c) The speed of any vehicle on any street, highway, or bridge in the District of Columbia shall not exceed 22 miles per hour, except as hereinafter specifically provided, or as may otherwise be indicated by official signs."

"Section 28. Right of way between Vehicles.

"(a) A Vehicle approaching an intersection shall slow down and be kept under such control as to avoid colliding with pedestrians and vehicles."

Nonetheless, defendant complains of the court charging the jury that he was negligent as a matter of law. The court's charge was apparently predicated upon Section 28. Under all the facts of this case we believe that the charge was proper under this Section. The defendant, more-

---

[1] Consider this excerpt taken from his testimony on cross-examination:

"Q. You said there was a car ahead of you about 25 or 30 feet as you came toward the intersection of T street? A. I would say yes. * * *

"Q. Do you recall if the light was green when you were about—did you say half a block up? A. Well, some distance up. It should be inside half a block that it should be very distinctly seen.

"Q. Half a block away? You didn't say what the space was? A. Well, not definitely half a block. No.

"Q. Well, less than half a block? A. Well, I would say yes. Inside of half a block. * * *

"Q. When did you first notice that car which was 25 or 30 feet ahead? When you noticed that the light was green? A. No. Not when I noticed that the light was green, because we were rather closer then.

"Q. I think you said you were half a block away when you noticed the light was green? A. That is, I was that distance behind the car, the traffic, that one car. There may have been several cars there then. But when I got to T Street, perhaps this car, the driver of this car, anticipating a change of light, had probably increased his speed somewhat more than I had, because he was away from me by probably that distance."

over, under all the circumstances, was negligent as a matter of law in not exercising proper caution either under the common law or under Article III, Section 6.[2] In view of these three grounds we have no doubt that the court's charge was correct on the issue of defendant's negligence.

The sole question for the jury was that of contributory negligence. That is an affirmative defense. The only circumstance showing plaintiff negligent on which defendant offered proof was leaving the curb on the red light. This issue was properly presented to the jury, and the jury found against the defendant.

There remains the question of the fairness of the trial. Defendant contends that the court by his remarks showed partiality and bias, and thereby prejudiced defendant's rights. Assuming there was too much conversation between judge and counsel, it must be remembered that a mere deviation from the best court room standards does not constitute reversible error. The law makers inform us that there must be prejudicial error to the substantive rights of a party before a case should be reversed.[3] With this standard in mind, we conclude that there is no reversible error, and likewise, we find no controlling merit in any of the defendant's arguments not discussed.

Affirmed.

---

[2] Article III, Section 6 is written in terms of a pedestrian's rights when he leaves the curb on a green light. A driver who has recently had a change of light to his favor should be even more ready to expect pedestrians in the crosswalk who entered on the green. As to whether the pedestrian presently involved was entitled to the protection of this Section see the next paragraph of the opinion.

[3] 28 U.S.C.A. § 391; Rule 61, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.