## GUARANTY DEVELOPMENT CO., Inc. v. LIBERSTEIN.

### No. 1103.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 24, 1951.

Decided Oct. 16, 1951.

Rehearing Denied Nov. 1, 1951.

---

W. C. Sullivan, Washington, D. C., for appellant.

Louis H. Cohen, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Plaintiff, a painting and papering contractor, sued defendant corporation for a balance claimed to be owing for work done on two groups of houses and two separate houses. Claiming that the work was done improperly, defendant denied that it owed plaintiff anything and, in addition, filed a counterclaim for money it claimed it had spent in remedying plaintiff's defective work. A jury rendered a verdict against defendant on its counterclaim and in favor of plaintiff for the full amount demanded.

In appealing from the judgment on the verdict, defendant has made some 12 assignments of error, one based on an alleged misstatement by the trial judge in his charge to the jury and the remainder based either upon alleged errors in the admission or exclusion of evidence or the order of proof or—in one instance—to an alleged prejudicial remark made by the court in the presence of the jury.

The trial consumed several days, and the narrative statement of proceedings and evidence is 48 pages long. While we have carefully studied the entire record, we deem it necessary to discuss only a few of the errors assigned.

The first assignment is the action of the trial court in admitting in evidence a $500 check drawn by defendant to the order of plaintiff. On the reverse side of this check appeared plaintiff's endorsement under the words "for painting and papering on house 601 Atlantic Street, S. E." Inserted between the words "painting" and "and," probably in another handwriting from the remainder of the words, appeared "on acct." Plaintiff testified he did not insert these words, that they were not in his handwriting, and that they were there when he wrote his name on the back. When the check was offered in evidence, defendant objected to its admission on the ground that it was going to prove that the insertion was not on the check when it was delivered. Subsequently the former secretary of defendant company, wife of the treasurer who signed the check, testified the words were not in her husband's handwriting and that they had been inserted after the delivery of the check to plaintiff. Probably it would have been better practice to have deferred the admission of the check or to have admitted it only conditionally, but in the last analysis it was

for the injury to decide which version to accept.

■ It is a well settled rule that the mode of conducting trials and the order of introducing evidence are matters belonging very largely to the practice of the court, and a departure from the usual order will not be a ground for reversal unless it appears that it worked serious injury to the opposite party.[1] No such injury has been shown here. The same rule applies to most of the other assignments of error.

■ Another assignment has to do with the same check. The court asked to see it and defendant's counsel apparently took it from the hands of plaintiff's counsel, who laughingly said he thought opposing counsel ought not to be so rude as to pull it from his hands. Then ensued one of those incidents that happens all too often during the heat of a trial. Defendant's counsel said he objected to leaving anything in the other counsel's hand "since you received a release of mechanic's lien and never returned it." When plaintiff's counsel objected that he thought the other owed him an apology, the court intervened and stated there was no evidence about the non-return of a mechanic's lien and that the remark ought not to have been made. This mild rebuke in the presence of the jury is assigned as error by defendant. We hold the court's remark was justified and proper.[2]

■ The final assignment of error which we think should be mentioned has to do with the trial judge's charge to the jury. In outlining the issues between the parties, the judge, among other things, stated that some of the witnesses for plaintiff had said that the chief agent for defendant had constantly inspected the work and when it was finished had said he was satisfied with it. The court also stated defendant's agent had denied he was ever satisfied or had told anybody that he was. Objection was made that no witness for plaintiff had testified as stated by the court. Thereupon the judge said such was his recollection, but he instructed the jury that: "I may be wrong. Now, if I am wrong, then you disregard that and rely upon your recollection." As a matter of fact, one of plaintiff's witnesses did testify defendant's agent "did not express dissatisfaction" and said, "That's all right." We think it obvious that, even if the court slightly overstated the evidence, the error was overcome by his subsequent instruction. The charge to the jury was comparatively long and, we think, was nicely balanced in its statement of the positions of the opposing parties.

■ There is another well established rule applicable to the remaining assignments of error, namely, that an appellate court will disregard any error or defect in the proceedings which does not affect the substantial rights of the parties.[3] As Judge Hutcheson in Dallas Ry. & Terminal Co. v. Sullivan, 5 Cir., 108 F.2d 581, 584, said: "Dialectical perfection, metaphysical nicety, abstract inerrancy, are not expected or required of Federal trial courts."[4]

We find nothing in the record to justify a reversal or an order for a new trial.

Affirmed.

1. Wills v. Russell, 100 U.S. 621, 25 L. Ed. 607.

2. Cf. Cunningham v. Olson Drilling Co., 5 Cir., 171 F.2d 392.

3. Cf. Sorrels v. Alexander, 79 U.S.App. D.C. 112, 142 F.2d 769; Gutshall v. Wood, 74 App.D.C. 379, 123 F.2d 174.

4. Cf. Morgan v. Sun Oil Co., 5 Cir., 109 F.2d 178, certiorari denied 310 U.S. 640, 60 S.Ct. 1086, 84 L.Ed. 1408.