Sara BRENNAN, an infant, by her mother and next friend, Ruth Brennan, and Ruth Brennan, in her own right, Appellants,

v.

Walter JONES, Appellee.

No. 2849.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 20, 1961.

Decided Jan. 8, 1962.

Martin E. Gerel, Washington, D. C., for appellants. Joseph H. Koonz, Jr., Washington, D. C., also entered an appearance for appellants.

Frank J. Martell, Washington, D. C., with whom Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON, (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

QUINN, Associate Judge.

Appellants brought suit against appellee for personal injuries sustained by appellant Sara Brennan (then a minor) while riding as a passenger in an automobile that was struck in the rear by appellee's vehicle. Dissatisfied with the amount of the jury's award they appeal.

There is not now nor was there in the trial court any question of appellee's liability, so that the sole contested issue concerns the amount of recoverable damages.

Appellants' evidence addressed to this subject was lengthy, five witnesses testifying to the various effects of the accident on the injured appellant. In addition to medical testimony by two attending physicians, Sara Brennan, her husband, and her mother described in great detail how the accident curtailed or inhibited her normal physical activities both at work and socially. Further, they described the pain and discomfort which she suffered, her loss of time from work, and the treatment necessitated by her condition. After appellee had presented his evidence (in brief, that appellant was not truly disabled because she had been able to continue working), appellant asked the court that she be allowed to put on, in rebuttal, her supervisor at the restaurant where she had been employed as cashier, to testify as to his observation of her while at work. The court refused and appellant asserts that this is "probably" the reason for a "patently inadequate verdict."

In supervising the conduct of litigation, the trial court is invested with the authority to regulate the order and time of introducing evidence. Lemon v. Martin, 55 App.D.C. 186, 3 F.2d 710 (1925); Washington Railway & Electric Co. v. Dittman, 44 App.D.C. 89 (1915); Guaranty Development Co. v. Liberstein, D.C. Mun.App., 83 A.2d 669 (1951). This includes the discretion to exclude as rebuttal testimony that which should have been introduced by the plaintiff in his case in chief. VI Wigmore, Evidence § 1873; 53 Am.Jur., Trial §§ 120, 121, and cases cited therein. Moreover, if that testimony would be merely cumulative of the case in chief, the trial court may reject it as surplusage. See Washington Times Co. v. Bonner, 66 App.D.C. 280, 86 F.2d 836, 110 A.L.R. 393 (1936); Campbell v. District of Columbia, 64 App.D.C. 375, 78 F.2d 725 (1935). As the proffer of appellants' witness was a departure from the usual order, and as the expected testimony would merely have been corroborative of appellant's case in chief, there was no error in excluding it.

This rejected witness could hardly have added anything of substance to the already extensive evidence describing appellant's impaired physical movements. From the record we believe that this was an effort to reopen the main case under the guise of rebuttal. We find no error.

Affirmed.