GLADYS B. RIGGINS v. COUNTY OF MECKLENBURG, a POLITICAL
SUBDIVISION OF THE STATE OF NORTH CAROLINA

No. 7226SC33

(Filed 24 May 1972)

1. Rules of Civil Procedure § 56— motion for summary judgment — evidence which may be considered

Evidence which may be considered upon motion for summary judgment includes admissions in the pleadings, depositions on file, answers to Rule 33 interrogatories, admissions on file whether obtained under Rule 36 or in any other way, affidavits, and any other material which would be admissible in evidence or of which judicial notice may properly be taken.

2. Counties § 9— county courthouse steps — wetness during rainfall — liability for personal injuries

In an action to recover for personal injuries sustained by plaintiff when she slipped and fell during a heavy rainfall on steps leading into a county courthouse, the evidence on motion for summary judgment failed to show actionable negligence by defendant county where it established that the steps were typical granite steps of the type used in many governmental buildings and were no more slippery when wet than any others, that the steps had been in use for 40 years and this was the first known instance of anyone falling on the steps when wet, and that there is no practical procedure for precluding wetness of outside steps during rainfall.

APPEAL by plaintiff from *Friday, Judge,* 2 August 1971 Session of MECKLENBURG Superior Court.

Plaintiff seeks compensatory damages of $100,000 for medical expenses, pain and suffering, lost earnings, permanent disability and decreased earning capacity resulting from a fall on steps leading into the Mecklenburg County Courthouse. Plaintiff alleged that defendant was negligent in that it maintained an entranceway that is slippery when wet, failed to provide a handrail, failed to provide materials that would make the steps less slippery and failed to provide notice or warning of the dangerous condition of the steps. Governmental immunity had been waived by defendant. Following a hearing defendant's motion for summary judgment was allowed and from judgment dismissing her action, plaintiff appealed.

*Weinstein, Sturges, Odom & Bigger, P. A. by T. La Fontine Odom and William M. Bernstein for plaintiff appellant.*

*Carpenter, Golding, Crews & Meekins by John G. Golding and Ruff, Perry, Bond, Cobb, Wade & McNair by James O. Cobb for defendant appellee.*

BRITT, Judge.

Did the trial court err in granting defendant's motion for summary judgment? We hold that it did not.

[1]  A party against whom a claim, counterclaim, or crossclaim is asserted may move for a summary judgment in his favor as to all or any part thereof. G.S. 1A-1, Rule 56(b). Evidence which may be considered upon motion for summary judgment includes admissions in the pleadings, depositions on file, answers to Rule 33 interrogatories, admissions on file whether obtained under Rule 36 or in any other way, affidavits, and any other material which would be admissible in evidence or of which judicial notice may properly be taken. *Kessing v. Mortgage Corp.,* 278 N.C. 523, 180 S.E. 2d 823 (1971). Rule 56 is for the disposition of cases where there is no genuine issue of fact and the purpose of the rule is to eliminate formal trials where only questions of law are involved. *Kessing v. Mortgage Corp., supra.*

[2]  At the hearing on the motion for summary judgment in the case at bar, the court had before it the complaint and answer, the deposition of plaintiff, interrogatories on behalf of plaintiff, and defendant's answers to the interrogatories.

The pleadings established the following pertinent facts: On 18 March 1969 at 8:00 a.m. and for many years prior thereto defendant owned and maintained a public building in the City of Charlotte known as the Mecklenburg County Courthouse. As a part of said building, defendant caused to be constructed and maintained on the western side of the building an entranceway leading from a public sidewalk next to Alexander Street to the basement floor of the building. The entranceway had a door leading into the basement floor of the building and to gain access to said basement a person could go down a stairway containing five or more steps. It had been raining for some time prior to the time of the accident complained of and defendant knew that the steps were wet and had water on them.

Plaintiff's deposition disclosed: She is 62 years old and employed as an executive secretary. On the occasion in question, she was going to the courthouse to see about a traffic ticket. She was alone. It was raining very hard at the time and had been raining for several hours. As she approached the Alexander Street entrance to the courthouse she was wearing a raincape and bonnet, was holding an umbrella in her right hand and was

carrying a handbag on her left arm. She was wearing shoes with leather soles and heels, the heels being from one and one-half to two inches high. Plaintiff walked up to the steps, stopped, and closed her umbrella, continuing to hold it in her right hand. She went to the right side of the entranceway where there was a wall but used neither hand to steady herself. She slipped on the very first step when she put her foot down. The steps, which she had used on previous occasions, were made of marble or granite and had a smoother surface than the sidewalk. There was no handrail, sign warning of slippery conditions when wet, or any abrasive material on the steps to make them less slippery.

Defendant's answers to interrogatories revealed: The steps were typical granite steps of the type used in many governmental buildings and were no more slippery when wet than any others. The steps had been in use for 40 years and this was the first known instance of anyone falling on the steps when wet. The maintenance superintendent makes a daily inspection of the grounds and there is no practical procedure for precluding wetness of outside steps.

We think plaintiff failed to show actionable negligence on the part of defendant, therefore, there was "no genuine issue as to any material fact" and defendant was entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(c).

Affirmed.

Judges CAMPBELL and GRAHAM concur.