## Harold S. PURSER *v.* CORPUS CHRISTI STATE NATIONAL BANK

74-291                                            522 S.W. 2d 187

Opinion delivered May 5, 1975

*Sam Goodkin*, for appellant.

*Bethell, Callaway & Robertson*, and *Warner & Smith*, for appellee.

JOHN A. FOGLEMAN, Justice. This is the second appeal in this case. On the prior appeal we affirmed the action of the circuit court dismissing appellant's counterclaim, which we found to be an impermissible counterattack upon a judgment of a Texas court which appellee sought to have registered under the Uniform Enforcement of Foreign Judgments Act [Ark. Stat. Ann. § 29-801 et seq (Repl. 1962)]. *Purser v. Corpus Christi State National Bank*, 256 Ark. 452, 508 S.W. 2d 549. We

there concluded that the act provided a summary judgment procedure in which the judgment defendant could raise only those defenses, counterclaims and cross-complaints which might have been asserted in an action on the foreign judgment under pre-existing law of this state. The counterclaim and set-off then asserted was an attempt to recover from the judgment creditor compensatory and punitive damages in tort for alleged conversion of business and malicious prosecution. But we noted that appellant had not alleged fraud or lack of jurisdiction in his counterclaim and setoff, also noting that the pleading constituted a collateral attack on the judgment, which in the absence of allegations of fraud or lack of jurisdiction, either of the subject matter or the parties, could not be raised in the registration proceedings.

After the mandate of this court was filed in the circuit court, appellant filed an amended counterclaim, alleging lack of jurisdiction of the Texas court over the person of appellant, and praying that the judgment be set aside and held void. He also asked judgment against appellee as prayed in the original counterclaim and setoff. Appellee moved to quash (strike?) appellant's amended pleading, asserting that the matter was res judicata, because the matter set forth therein had been argued by appellant on the prior appeal and on his petition for rehearing. Appellee responded that the dismissal of its original counterclaim was specifically entered "without prejudice" and that this court had noted the absence of any allegation of fraud or lack of jurisdiction, and, therefore, the law of the case is that an allegation of lack of jurisdiction will support a counterclaim. The circuit court dismissed the amended counterclaim and directed appellant not to again assert, or attempt to assert it "against the plaintiff in this action". On the same day, appellee moved for summary judgment on its petition for registration of the Texas judgment. The motion was supported by an affidavit of Henry Nuss, an attorney for appellee that, after a motion by appellant to quash service upon him in the Texas court had been overruled, appellant's attorney requested that the trial court reconsider its order that Nuss had consented and that another hearing was held on the motion, at which appellant's contentions were argued by his attorney. In less than ten days after the motion for summary judgment was made, the circuit

judge granted the motion and registered the judgment. The reason given for the premature entry of judgment was that the judge did not feel that any meritorious defense was available to appellant.

We do not agree with appellant that the law of the case is that he may assert his counterclaim, if he alleges that the Texas court was without jurisdiction. We pointed out in the first appeal that the recovery appellant sought in the tort action was not the proper subject of a counterclaim in a proceeding to register the foreign judgment. Insofar as that phase of the case is concerned the law of the case does govern and there was no error in dismissing the counterclaim insofar as it related to the tort action. This leaves a question pertaining to the allegation that the judgment is void for want of jurisdiction of the Texas court. That question was also raised by appellant's answer and was an issue in the case.

The motion for summary judgment was supported by the affidavit of Nuss which tended to show that the same jurisdictional question had been raised in the action in which the judgment sought to be registered was rendered. There was no contravention of the statement in that affidavit. In the absence of contravention, statements in the affidavit should be taken to be undisputed and true for the purposes of the motion. *Coffelt* v. *Arkansas Power & Light Co.*, 248 Ark. 313, 451 S.W. 2d '81; *Jones* v. *Comer*, 237 Ark. 500, 374 S.W. 2d 465; *Sleeper* v. *Sweetser*, 247 Ark. 477, 446 S.W. 2d 228; *Ashley* v. *Eisele*, 247 Ark. 281, 445 S.W. 2d 76. If indeed they are true, Purser raised the same jurisdictional question in the Texas court he is seeking to raise here.

Summary judgment is an extreme remedy which should be granted only when it is clear that there is no genuine issue of fact to be litigated. *Deltic Farm & Timber Co.* v. *Manning*, 239 Ark. 264, 389 S.W. 2d 435; *Wirges* v. *Hawkins*, 238 Ark. 100, 378 S.W. 2d 646. The notice requirements were not complied with. They are not mere formalities and should not be treated so lightly as to deprive a party of an opportunity to present rebutting evidence and argument. *Georgia Southern & F. Ry. Co.* v. *Atlantic Coast Line R. Co.*, 373 F. 2d 493 (5 Cir., 1967). Courts of the Eighth Circuit have required strict com-

pliance with these requirements of the rule. See *Twin City Federal Savings & Loan Assn.* v. *Trans-America Insurance Co.*, 491 F. 2d 1122 (1974). The importance of notice and hearing has been emphasized by many authorities. In pointing out the reason Rule 56 FRCP requires ten days service rather than five days required by Rule 6 (d), Wright and Miller say at p. 451, Vol. 10, Federal Practice & Procedure, § 2719:

> The extended time period for service of the motion is especially important in the Rule 56 context because it provides an opportunity for the opposing party to prepare himself as well as he can with regard to whether summary judgment should be entered. In theory, the additional time ought to produce a well-prepared and complete presentation on the motion to facilitate its disposition by the court. In addition, since opposition to a summary judgment motion often is a difficult task, usually involving preparation of both legal and factual arguments as well as affidavits, and since the results of failure are drastic, it is felt that the additional time is needed to assure that the summary judgment process is fair.

Yet, we have not gone so far as some courts have in holding that a trial court is without jurisdiction to render a summary judgment in less than ten days. See *Adams* v. *Campbell County School District*, 483 F. 2d 1351 (10 Cir., 1973); *Mustang Fuel Corp.* v. *Youngstown Sheet & Tube Co.*, 480 F. 2d 607 (10 Cir., 1973). See also, *Bowdidge* v. *Lehman*, 252 F. 2d 366 (6 Cir., 1958); *Enoch* v. *Sisson*, 301 F. 2d 125 (5 Cir., 1962). We have already taken the position that failure to hold a hearing on such a motion is not always fatal to a summary judgment, when the party against whom the judgment is rendered is not prejudiced. *Sherman* v. *Keene*, 256 Ark. 850, 510 S.W. 2d 870.

There was error in the premature entry of the judgment in this case and unless it is manifest that the error is not prejudicial, we should reverse. Even though appellant has registered a timely and appropriate objection in this cause and has been effectively prevented from filing counter-affidavits, it seems clear that appellant has not been prejudic-

ed and that the circuit judge correctly stated that no meritorious defense was available to the appellant under the circumstances disclosed by the record.

In granting a motion for summary judgment, the court must find from the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits filed, that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ark. Stat. Ann. § 29-211 (c) (Supp. 1973). In considering the motion the court was not confined to consideration of affidavits filed with the motion but could search and review the entire record, including all pleadings and exhibits filed in the case. *Adamson* v. *Bowker*, 85 Nev. 115, 450 P. 2d 796 (1969); *Lundberg* v. *Backman*, 9 Utah 2d 58, 337 P. 2d 433 (1969); *Davis* v. *Travelers Insurance Company*, 196 N.W. 2d 526 (Iowa, 1972); *Northwestern National Bank of Sioux City* v. *Steinbeck*, 179 N.W. 2d 471 (Iowa, 1970); *Thompson* v. *Abbott*, 226 Ga. 353, 174 S.E. 2d 904 (1970); *Brown* v. *Pointer*, 390 Mich. 346, 212 N.W. 2d 201 (1973); *Thomas* v. *Signal Insurance Company*, 236 S. 2d 874 (La. App., 1970); *Schy* v. *The Susquehanna Corp.*, 419 F. 2d 1112 (7 Cir., 1970), cert. den. 400 U.S. 826, 91 S. Ct. 51, 27 L. Ed. 2d 55. See also, *Smoot* v. *State Farm Mutual Automobile Insurance Co.*, 299 F. 2d 525 (5 Cir., 1962); *Goldsmith* v. *American Food Services, Inc.*, 123 Ga. App. 353, 181 S.W. 2d 95 (1971); *Brevard* v. *Barkley*, 12 N.C. App. 665, 184 S.E. 2d 370 (1971); *Riggins* v. *County of Mecklenberg*, 14 N.C. App. 624, 188 S.E. 2d 749 (1972).

There was evidence other than the affidavit of Nuss in the case showing clearly that appellant had appeared in the Texas court in which the judgment was rendered to raise the jurisdictional question appellant seeks to pursue in resisting the registration of the judgment. An exhibit in support of appellee's motion to quash the counterclaim originally filed by appellant was a certified copy of the entire proceedings before the Texas court. It shows clearly that: on April 19, 1971, appellant through the attorney representing him here, filed a motion to quash the service on the grounds he now asserts, with a supporting brief; the motion was heard and overruled; that order was set aside, the motion reheard and again denied.

In his abstract of the record on the former appeal, appellant included the following statement:

> In due time, the nonresident defendant, specially appearing for the sole and only purpose of questioning the jurisdiction of the Texas Court, filed a Motion to Quash service on the grounds that he was a nonresident and did not sign the postal return receipt, nor served with copies of the notes (TR. 29-30). But this Motion was overruled on July 14, 1972 (TR. 32-33).

> Defendant did not plead further, and on August 29, 1972, the Texas Court entered a judgment by default against defendant in the sum of $72,825.33, with interest and costs. (TR. 34).

It was proper for the court to consider the exhibit to the motion to quash. When we consider it, we agree with the circuit judge that no meritorious response was available to appellant. The admitted appearance of appellant in the Texas court for the purpose of quashing service would have had the effect of giving that court jurisdiction of his person for the purpose of quashing service on any ground that he asserted or might have asserted in his motion. Since he appeared in that court for that motion, he is estopped from asserting in this action not only the reasons alleged in his motion there, but any reasons he might have set up as grounds for quashing the service and the judgment of that court on the question is conclusive and not subject to collateral attack in the Circuit Court of Sebastian County. *Ederheimer* v. *Carson Dry Goods Co.,* 105 Ark. 488, 152 S.W. 142.

In view of the entire record and appellant's statement, we have no hesitation in holding that the premature entry of judgment was not prejudicial to any right of appellant, since the jurisdictional question was the only potential issue.

The judgment is affirmed.