Lige ROBINSON and Clayton KIDD *v*. Jerry Wayne ABBOTT

87-57                                        731 S.W.2d 782

Supreme Court of Arkansas
Opinion delivered July 6, 1987

*Laser, Sharp & Mayes, P.A.*, for appellant.

*Lovell, Arnold & Nalley*, for appellee.

STEELE HAYS, Justice. Appellants ask us to overturn a jury verdict and remand for a new trial because the issue of punitive damages was improperly submitted to the jury. The jury refused to award punitive damages, but did return a verdict for the

plaintiff, now the appellee, of $50,000 in compensatory damages. While we agree with appellants that the proof was entirely insufficient with respect to punitive damages, we cannot agree the error requires remand.

Appellee Jerry Wayne Abbott sued appellants Lige Robinson and Clayton Kidd for injuries arising from a motor vehicle collision. Robinson and Kidd admitted that Robinson caused the collision and that he was Kidd's employee, but denied any grounds for punitive damages.

Before the jury was impaneled the trial judge listened to the plaintiff's proof relative to punitive damages. It consisted essentially of testimony which would clearly sustain a finding of negligence, but fell far short of establishing willful, wanton misconduct. The trial judge informed counsel for plaintiff he could "risk" making proof on that issue, but could not introduce proof of the defendants' net worth. As we have mentioned, the jury rejected the claim for punitive damages but upheld the claim for compensatory damages.

■ We agree with appellants that it was error to submit the issue of punitive damages to the jury on the proof of mere ordinary negligence. Even if evidence of Robinson's conduct could be considered gross negligence, an arguable point, it would not have sustained an award of punitive damages. *Wallace* v. *Dustin*, 284 Ark. 318, 681 S.W.2d 385 (1984).

■ Even so, we have repeatedly said that it is only harmful, thus reversible, error to submit the issue of punitive damages to the jury where there is proof of the defendant's net worth. In *KARK-TV* v. *Simon*, 280 Ark. 228, 656 S.W.2d 702 (1983) we summarized the rule:

> The jury's refusal to award punitive damages would ordinarily render the error harmless, but appellees were permitted to present evidence of the appellant's net worth. We have held on a number of occasions that where the issue of punitive damages is erroneously submitted to the jury, *together with the defendant's financial condition,* an award of compensatory damages is tainted and cannot stand. *Dalrymple* v. *Fields,* 276 Ark. 185, 633 S.W.2d 362 (1982); *Life and Casualty Insurance Co.* v. *Padgett,* 241

Ark. 353, 407 S.W.2d 728 (1966). (Emphasis added).

We restated that principle in *Berkeley Pump Co.* v. *Reed-Joseph Land Co.,* 279 Ark. 384, 653 S.W.2d 128 (1983).

Here, there was no proof of net worth, nor any showing of prejudice, and we do not reverse for error which does not result in prejudice. *Peoples Bank* v. *Wallace,* 290 Ark. 589, 721 S.W.2d 659 (1987); *Ricketts* v. *Ferrell,* 283 Ark. 143, 671 S.W.2d 753 (1984); Rule 61, Arkansas Rules of Civil Procedure. Our Rule 61 is identical to FRCP 61. "The philosophy behind this rule is that proceedings should not be disturbed because of a technical error which resulted in no prejudice. *Gutshall* v. *Wood,* 123 F.2d 174 (C.A. 1942)." Reporter's Notes to ARCP Rule 61.

Affirmed.

GLAZE, J., not participating.