Phillip Michael WHEAT *v.* STATE of Arkansas

CR 87-195                                                         747 S.W.2d 112

Supreme Court of Arkansas
Opinion delivered April 4, 1988

*Clinton Keith Jones, Jr.,* Deputy Public Defender, for appellant.

*Steve Clark,* Att'y Gen., by: *Paul L. Cherry,* Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. The only issue in this case is whether the reference by a police officer to "mugshots" used in a photographic lineup improperly told the jury the appellant had a prior criminal record. The trial judge denied a motion for a mistrial, and we affirm that decision.

The officer did not testify that he used a "mugshot" of the appellant in the photographic lineup; he was asked:

> Q. Can you tell us, basically, what a photographic lineup looks like?
>
> A. Yes, sir. We pull mugshots from our files, uh, based on the general uh, close to the same facial features, same age—

The appellant objected to the use of the word "mugshot." Later the police officer said that "Detective Helder provided me with the photograph of Phillip Wheat," which indicates that the photograph of the appellant was not a mugshot. The appellant must show prejudice before we will reverse a decision. *Berna v. State,* 282 Ark. 563, 670 S.W.2d 435 (1984).

"A mistrial is an exceptional remedy to be used only where any possible prejudice cannot be removed by an admonition to the jury." *Free* v. *State,* 292 Ark. 65, 732 S.W.2d 452

(1987). The appellant did not even request an admonition in this case. *See Miller* v. *State*, 269 Ark. 341, 605 S.W.2d 430 (1980).

Having failed to show prejudice, we find the trial judge did not commit error.

Affirmed.