Robert KEENAN, Jr., Personally, d/b/a Superior Grain
Co., Inc. *v.* AMERICAN RIVER TRANSPORTATION
CO., Subsidiary of Archer Daniels Midland Co.

90-173                                          799 S.W.2d 801

Supreme Court of Arkansas
Opinion delivered December 3, 1990

*Van Kleef & Strait*, by: *John D. Van Kleef*, for appellant.

*Raymond Harrill*, for appellee.

DALE PRICE, Justice. This is an appeal from a decision granting the appellee's motion for summary judgment. The four points for reversal concern its entry. We find no merit and affirm.

The appellee, American River Transportation Company (American), a subsidiary of Archer Daniels Midland Company, brought suit against the appellant for nonpayment of barge freight charges. The appellant, Robert Keenan, Jr., personally, d/b/a Superior Grain Company, Inc. (Superior), filed a general denial, alleging the proper party was Superior and not Keenan personally. Keenan subsequently filed a motion for summary judgment, contending there was no material issue of fact inasmuch as Superior had merged with Keenan Cotton Gin & Grain Elevator, Inc., as of April 1, 1986. A copy of the certificate of merger was attached to the motion. The motion was denied by the trial court upon its determination there could be a question of fact as to whether Keenan signed as an individual or on behalf of Superior. Keenan counterclaimed for abuse of process and later amended his answer, adopting pervious pleadings and alleging he did not do business with American personally. He further alleged in his amended answer that if paperwork was erroneously made out to Superior, it was a mistake and the contract should be reformed. Keenan was deposed by American, and American thereafter filed its motion for summary judgment which the trial court granted.

Keenan first alleges reversible error in the trial court's granting of American's motion for summary judgment. He contends there were genuine issues of material fact which should have been resolved by the trier of fact, and American failed to carry its burden of proof. It is well settled that summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. ARCP Rule 56. Once the movant makes a prima facie showing of entitlement, the respondent must

meet proof with proof by showing a genuine issue as to a material fact. *Pruitt* v. *Cargill, Inc.*, 284 Ark. 474, 683 S.W.2d 906 (1985).

Because this appeal is from the trial court's granting of summary judgment, our review is limited and focuses on the pleadings, deposition testimony and other documents filed by the parties in support of their respective arguments.

Keenan executed a broker contract with American on November 5, 1987, which provided for the shipment of soybeans on two barges. The barge freight totaled $21,447.24. Keenan was the corporate president of Superior. At the time of the contract's execution, Superior had merged into Keenan Cotton Gin & Grain Elevator, Inc. No one was aware of the merger other than Keenan and his CPA. American was listed as the "seller" and Superior/Robert Keenan the "buyer" in the broker contract. Keenan stated in his deposition that he had read the broker's contract, knew what it contained, and signed it. He further stated by deposition that he continued to do business under the name of Superior to July, 1988, and never notified Marine Freight Exchange, Inc. (the broker), or American that Superior had merged into another corporation. The barge freight was never paid and Keenan admitted there was no reason to doubt the accuracy of the charges.

■■ American contends the above facts were sufficient for the trial court to rule as a matter of law that Keenan was personally liable for the debt incurred on behalf of Superior. Upon Superior's merger with Keenan Cotton Gin & Grain Elevator, Inc., Superior ceased to exist and any contracts entered into by or on behalf of Superior would be contracts with a nonexistent entity. The merger occurred under former Ark. Stat. Ann. § 64-705(B) (Repl. 1980), which provided as follows:

> Subject to Section 77 [§ 64-708] infra, the separate existence of all corporations parties to the plan of merger or consolidation, except the surviving or new corporation, shall cease.

American correctly recites the rule that one who contracts as an agent in the name of a nonexistent or fictitious principal renders himself personally liable on the contract so made.

■ The trial court stated at the hearing on American's motion for summary judgment that the controlling document was the broker's contract executed by the parties on November 5, 1987, and that its effect was to make Keenan personally liable. Because of the trial court's determination that Keenan was personally liable to American, there could be no remaining issue of material fact to be tried. Accordingly, summary judgment was appropriate.

The appellant alleges error in the granting of American's motion for summary judgment because American had not complied with the appellant's requested discovery. The appellant served interrogatories on American on September 30, 1989, and in an interrogatory asked American to provide the names of all persons who would be witnesses at trial. On November 13, 1989, American stated in its response to that interrogatory "[p]ersons who will be witnesses will be determined after deposition of the Defendant and this response will be supplemented." Keenan was deposed by American on October 17, 1989. American filed its motion for summary judgment on November 16 and Keenan objected to American's motion on the basis that American had not complied with Keenan's discovery requests. Keenan complained at the hearing that he had been provided with the name of a witness by American three days prior to the hearing, and the trial court should not have ruled on the motion until Keenan was furnished with responses to his interrogatories.

We sustained the same argument on appeal in *First National Bank, Guardian* v. *Newport Hospital & Clinic*, 281 Ark. 332, 663 S.W.2d 742 (1984). The appellant there contended the information and documents requested from the appellee were crucial to its case and were relevant to the issues to be litigated. It was clear to this court that the information sought by the interrogatories and requests was pertinent to the issues of the case. In *Mixon* v. *Chrysler Corporation*, 281 Ark. 202, 663 S.W.2d 173 (1984), we held the grant of summary judgment was proper where unanswered interrogatories would not have produced evidence of sufficient force to remove the case from the realm of speculation and conjecture, regardless of the answers.

■ In the instant case, the appellant has not demonstrated any prejudice as a result of American's failure to supplement

Keenan's interrogatory which merely requested the names of any witnesses American intended to call at trial. We are unable to say that the trial court erred in granting summary judgment on this basis inasmuch as Keenan failed to demonstrate the answer would change the status of the litigation.

Keenan contends the trial court committed reversible error by granting summary judgment because the motion was not timely filed pursuant to ARCP Rule 56(c). It provides in part as follows: "The motion shall be served at least 10 days before the time fixed for the hearing."

■ As previously noted, American's motion was filed on November 16 and the matter had been set for a jury trial on November 21. Keenan filed a response to the motion on November 20, and the trial court considered the motion on November 21. The timeliness of the motion for summary judgment was raised by Keenan both in his response and at the hearing. The notice requirement was clearly not complied with and as this court stated in *Purser v. Corpus Christi State National Bank*, 258 Ark. 54, 522 S.W.2d 187 (1975), such requirements are not mere formalities and should not be treated so lightly as to deprive a party of an opportunity to present rebutting evidence and argument. Unless it is manifest that the error is prejudicial, reversal is not warranted. *See Braswell v. Gehl*, 263 Ark. 706, 567 S.W.2d 113 (1978).

Under the circumstances, we fail to see how Keenan was prejudiced by American's failure to comply with the notice requirement of ARCP Rule 56(c). Keenan filed a response to the motion and had the opportunity to argue it. Accordingly, we cannot say Keenan was deprived of the opportunity to present rebutting evidence and argument.

■ Finally, Keenan contends the trial court erred in dismissing his counterclaim with prejudice. He alleges the dismissal was not the appropriate relief and was precipitated by the erroneous entry of summary judgment by the trial court. American correctly states that a counterclaim based upon malicious prosecution cannot be determined until trial of the underlying action for breach of contract. Keenan argues there was no legal basis for the granting of summary judgment and there is therefore no basis for the dismissal with prejudice of his counter-

claim. Our holding that summary judgment was proper disposes of this argument.

Affirmed.