Charles Lee SMITH *v.* STATE of Arkansas

91-146                                                  818 S.W.2d 945

Supreme Court of Arkansas
Opinion delivered November 11, 1991

*William R. Simpson, Jr.*, Public Defender, by: *Andy O. Shaw*, Deputy Public Defender; for appellant.

*Winston Bryant*, Att'y Gen., by: *Teena L. White*, Asst. Att'y Gen., for appellee.

Tom Glaze, Justice. This case is another of a recent number of cases involving the interpretation of the new juvenile transfer statute, Ark. Code Ann. § 9-27-318 (Supp. 1991). Appellant had five juvenile cases pending against him in chancery court when the prosecutor moved to transfer two of these cases to circuit court. One case contained a felony theft-by-receiving count and the other case involved two felony counts of breaking or entering into two vehicles. A capital felony murder charge had also been filed against the appellant prior to the transfer hearing in this case, but the trial court specifically stated it did not consider that murder charge when it ruled on the state's motion to transfer. After a hearing on the state's motion, the trial court transferred the cases to circuit court. In this appeal, appellant claims the trial court erred (1) in failing to allow him ten days notice before the hearing, (2) in finding sufficient evidence existed to support the transfer and (3) in rejecting his argument that § 9-27-318 is unconstitutionally vague.

In his first argument, appellant cites Ark. Code Ann. § 9-27-325(f) (1987) which in relevant part provides that the Arkansas Rules of Civil Procedure shall apply to all juvenile court proceedings and the Arkansas Rules of Criminal Procedure shall apply to

delinquency proceedings. Accordingly, he submits that, under ARCP Rule 6(c), the prosecutor's transfer motion in this case was required to have been served on appellant no later than ten days before the time specified for the hearing. Appellant argues that because he was given only four days notice of the hearing scheduled for the prosecutor's motion, the trial court abused its discretion in disallowing appellant additional time to prepare and respond to the state's case.

■ By its own language, Rule 6(c) is not inflexible, and in fact, provides that for cause shown, the court may provide for a time other than the ten-day period set out in the Rule. In any event, our Rules of Civil Procedure clearly provide that court proceedings should not be disturbed because of a technical error which resulted in no prejudice. *Robinson* v. *Abbott*, 292 Ark. 630, 731 S.W.2d 782 (1987); *see also* ARCP Rule 61. Stated another way, the court has held that error is no longer presumed to be prejudicial, and it will not reverse for error unless prejudice is demonstrated. *Peoples Bank & Trust Co.* v. *Wallace*, 290 Ark. 589, 721 S.W.2d 659 (1986); *cf.*, *Purser* v. *Corpus Christi St. Nat'l Bk.*, 258 Ark. 54, 522 S.W.2d 187 (1975) (where Purser was not given the ten-day period to respond to the bank's motion for summary judgment, this court upheld the trial court's premature entry of the judgment because it was manifest that the error was not prejudicial); *see also Keenan* v. *American River Transportation Co.*, 304 Ark. 42, 799 S.W.2d 801 (1990). And finally, *Berna* v. *State*, 282 Ark. 563, 670 S.W.2d 434 (1984); citing *McDonough Power Equipment, Inc.* v. *Greenwood*, 464 U.S. 548 (1984), is our seminal case on this point where this court held no longer is it presumed that simply because an error is committed it is prejudicial error. *See also Gage* v. *State*, 295 Ark. 337, 748 S.W.2d 351 (1988); *Wheat* v. *State*, 295 Ark. 178, 747 S.W.2d 112 (1988).

In the present case, appellant fails to show that he suffered prejudice. At the hearing, he never suggested that the abbreviated or four-day notice given him prevented him from presenting any witnesses. Nor did he proffer any testimony or evidence that he could, or intended to, present if he had been given additional time.

■ Although appellant argues the prosecutor was also

hampered by the trial court's ruling to proceed with the hearing on the prosecutor's motion, the record fails to bear out appellant's argument. While the prosecutor offered no testimony, he entered into a number of stipulations with the appellant, and based on those stipulations, we believe the prosecutor clearly showed by clear and convincing evidence that the transfer of appellant's cases was warranted. *Bradley* v. *State*, 306 Ark. 621, 816 S.W.2d 605 (1991).

■ Under Ark. Code Ann. § 9-27-318(e) (Supp. 1991), the trial judge must consider the following factors before deciding whether to transfer a juvenile's case:

(1) The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;

(2) Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and

(3) The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

■■ As we have stated repeatedly, the trial court need not give equal weight to each of the foregoing factors and proof need not be introduced by the prosecutor against the juvenile on each factor. *Pennington* v. *State*, 305 Ark. 312, 807 S.W.2d 660 (1991); *Walker* v. *State*, 304 Ark. 393, 803 S.W.2d 502 (1991); *reh. denied*, 304 Ark. 402A, 805 S.W.2d 80 (1991); *Ashing* v. *State*, 288 Ark. 75, 702 S.W.2d 20 (1986). The standard of review in juvenile transfer cases is whether the trial judge's finding is clearly against the preponderance of the evidence, and findings of fact by the trial court will not be set aside unless clearly erroneous. *Bradley* v. *State*, 306 Ark. 621, 816 S.W.2d 605.

At the hearing, appellant and the prosecutor stipulated to seven state motions that outlined previous charges and convictions against appellant. The charges ranged from loitering to theft and robbery offenses. The parties agreed that appellant was

first convicted of theft and placed on probation in 1987. That probation was later revoked because of another theft of property charge. The parties further stipulated that appellant had been on home attention and had been committed to the Office of Youth Services on three or four occasions — which included robbery charges filed in January of 1989. The state also underscored the other offenses pending before the trial judge. Those cases involved alcohol, cocaine and carrying a weapon.

■ The foregoing stipulations and offenses unquestionably support the trial court's finding that appellant exhibited a repetitive pattern to commit felony offenses and reflected he possessed character traits, a prior history and a mental maturity indicating he is beyond rehabilitation. In addition, the stipulated evidence reflects that the offenses committed by the appellant have become increasingly more serious. In view of the above, we are unable to say the trial court was clearly erroneous in transferring appellant's cases to circuit court.

Before leaving appellant's foregoing arguments, we address his objection made below, and argued on appeal, that the trial court erred by admitting into evidence the findings of fact and conclusions of law entered in an earlier case against appellant. Those findings included a 1988 psychological report reflecting the appellant "had a poor response to probation and home attention and that placement in a more restrictive environment may be indicated." Appellant correctly points out that the report did not necessarily reflect his current psychological disposition and the trial judge erred in taking judicial notice of it.[1]

■ We agree with appellant that judicial notice may not be taken of the record in a separate case. *Leach* v. *State*, 303 Ark. 309, 796 S.W.2d 837 (1990); *see also Southern Farmers Assn., Inc.* v. *Wyatt*, 234 Ark. 649, 353 S.W.2d 531 (1962). However, while we agree that the trial court erred in taking judicial notice of the psychological report in issue, we conclude the error was harmless. Aside from the report's improper admission into evidence, we have thoroughly discussed hereinabove the stipula-

---

[1] The report is not abstracted, and our only knowledge of what it contains is from our review of the trial court's comments at the hearing and the parties' arguments in their briefs.

tions and evidence that we hold support the trial court's transfer of appellant's cases to circuit court. We will not reverse for error unless prejudice is demonstrated. *Peoples Bank & Trust Co.*, 290 Ark. 589, 721 S.W.2d 659 (1986).

In his final argument, appellant argues that provisions (b)(2) and (d) of § 9-27-318 are conflicting, and as a consequence are unconstitutional for vagueness. Basically, appellant contends that neither the chancery court nor the circuit court under these two provisions appears to have the final say as to which one should exercise jurisdiction. Appellant postulates that the initial court, be it chancery or circuit, could transfer the juvenile case to the second court's jurisdiction only to have the second court return the proceeding to the initial court for trial.

█ Although appellant told the trial court he believed § 9-27-318 was unconstitutionally vague, he never mentioned the argument he raises now. For that reason, it is questionable as to whether this issue was preserved for appeal. In any event, appellant concedes the hypothetical situation he poses here did not occur below and for that reason alone, he lacks standing to raise the constitutionality of (b)(2) and (d) of § 9-27-318. *See Burrow v. State*, 282 Ark. 479, 669 S.W.2d 441 (1984).

For the reasons above, we affirm the trial court's decision to transfer appellant's case to circuit court.

HOLT, C.J., NEWBERN and BROWN, JJ., dissent.

ROBERT L. BROWN, Justice, dissenting. The majority holds that the juvenile in this case suffered no prejudice by the special trial judge's surprise hearing on the motion to transfer the case from juvenile court to circuit court. I respectfully disagree.

When the special judge announced that he was going to proceed with the transfer hearing, the defense counsel made the following objection:

> Your Honor, if that will be subject to defense objection, I would like to note for the record that the motion to transfer was filed on February 22, 1991. Whereas we had initially made plans to file an answer to the motion, we were not afforded the proper length of time to prepare an answer, nor — as I understand it, we were tentatively set to

have a hearing scheduled for today.

I understand if the Court wants to go ahead and hear it before, but for the record, I feel compelled to have my objection noted.

The special judge then stated that he would call up the transfer motion on his own motion and added, "so that takes care of your time problem."

The hearing commenced over defense counsel's objection, and the prosecutor sought to introduce a psychological evaluation of the appellant juvenile. The defense counsel objected again and said:

Your honor, we would object to the introduction of State's Exhibit No. 1 on the following grounds: One, as this hearing has certainly sped up these matters, we have not had a chance to review the report in full detail. My understanding from the Code is that we are to be provided three days before any such reports are introduced to the Court. Ms. Merritt has indicated that this is a part of the Court's file. I have no way of ascertaining that. I do not have Mr. Smith's prior files with me at this time.

In sum, the transfer motion had not been set for hearing on this date, and the defense counsel was caught up short. He thought he had ten days from the filing of the motion to respond, and, indeed, the rules provide for that amount of time. Some prejudice to counsel and his client was evidenced by the lack of time in which to review the psychological report. But the real prejudice lay in foreclosing counsel from responding to the prosecutor's motion to transfer and in denying him adequate time to prepare his case.

The defense counsel objected before the hearing began and renewed that objection at the end of the hearing. What else could he had done to preserve his objection? It is true that he had no witnesses present and that he presented the court with no names of prospective witnesses whom he might have called had he been afforded appropriate notice. But he, admittedly, was unprepared due to the surprise hearing. Failure to proffer his case due to these circumstances should not be fatal to his appeal when the appellant had, under our rules, six more days to develop his case.

The majority cites civil cases to support its theory of lack of prejudice. In one case cited, we held that there was no prejudice to the appellant because he had a chance to respond to the motion for summary judgment and argue his position. *See Keenan* v. *American River Transportation Co.*, 304 Ark. 42, 799 S.W.2d 801 (1990). In the case before us, the appellant had neither responded to the motion to transfer nor prepared his case.

In a second case cited by the majority, we affirmed a damage award even though the judge had improperly instructed the jury on punitive damages in a negligence case. *See Robinson* v. *Abbott*, 292 Ark. 630, 731 S.W.2d 782 (1987). Because the jury did not award punitive damages, we held that this error was technical and resulted in no prejudice.

In still another case cited, we held that a statement in oral argument concerning which bank would bear a loss involving an unauthorized endorsement was not presumptively prejudicial. *See Peoples Bank & Trust Co.* v. *Wallace*, 290 Ark. 589, 721 S.W.2d 659 (1986). That is clearly distinguishable from the facts of this case.

Finally, the majority cites a case where the trial court entered a premature summary judgment, thereby preventing the appellant from filing counter affidavits. *See Purser* v. *Corpus Christi St. Nat'l Bank*, 258 Ark. 54, 522 S.W.2d 187 (1975). There, the trial court stated that the appellant had no meritorious defense available to him. Here, no such finding could be made by the trial court until the appellant's counsel had prepared and presented his case on the statutory factors relating to juvenile transfer cases.

Transferring a case from juvenile to circuit court is a serious matter. The procedural rules must be followed, especially when fundamental due process is at issue. That was not done in this case. The resulting prejudice to the defendant is obvious. I would remand for a new transfer hearing.

HOLT, C.J., NEWBERN, J., join.