Cite as 2020 Ark. App. 530

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-20-117

|  |  |
|---|---|
| | **Opinion Delivered:** November 18, 2020 |
| STEVEN POLSTON | APPEAL FROM THE PULASKI |
| APPELLANT | COUNTY CIRCUIT COURT, |
| | SEVENTH DIVISION |
| V. | [NOS. 60CR-17-2919, 60CR-18-353, 60CR-19-696] |
| STATE OF ARKANSAS | HONORABLE BARRY SIMS, |
| APPELLEE | JUDGE |
| | AFFIRMED AS MODIFIED |

## KENNETH S. HIXSON, Judge

Appellant Steven Polston pleaded guilty to a probation violation and was sentenced to three years in prison. Polston now appeals, and the only issue he raises on appeal is that the trial court should have given him more jail-time credit against his prison sentence. The trial court gave Polston only 4 days' jail-time credit, and Polston argues that he was entitled to 159 days. We agree that Polston should have been given more jail-time credit, and we affirm as modified.

On December 28, 2018, Polston was arrested for manufacturing methamphetamine, trafficking methamphetamine, maintaining a drug premises, and possession of drug paraphernalia. On February 13, 2019, the State filed a criminal information charging Polston with these offenses. On August 12, 2019, Polston pleaded guilty to possession of

drug paraphernalia.[1]  Polston spent 228 days in jail between his December 28, 2018, arrest and his August 12, 2019, guilty plea.  On September 13, 2019, the trial court entered a sentencing order placing Polston on three years' probation, with the condition that Polston serve 60 days' confinement in jail.

Approximately two months after Polston's guilty plea, on October 9, 2019, the State filed a petition to revoke Polston's probation because he failed to report to his probation officer.  Polston was placed in custody for four days prior to his revocation hearing.  At a November 21, 2019, plea hearing, Polston pleaded guilty to a probation violation.  After the trial court accepted Polston's guilty plea at the hearing, the State recommended a three-year prison sentence.  Polston then requested 172 days' jail-time credit.  The trial court denied that request and sentenced Polston to a three-year prison term and found that Polston was entitled to only 4 days' jail-time credit based on the 4 days Polston had been in custody on the revocation warrant.

On December 6, 2019, the trial court entered a sentencing order that revoked Polston's probation and sentenced him to three years in prison.  In that sentencing order, Polston was given 4 days' jail-time credit.[2]

On December 9, 2019, Polston filed a posttrial motion for jail-time credit, arguing that he was entitled to 159 days.[3]  On January 8, 2020, Polston's posttrial motion was

---

[1]The remaining three charges were nolle prossed.

[2]An amended sentencing order also awarded Polston only 4 days' jail-time credit.

[3]Polston modified his jail-time-credit request from 172 days to 159 days based on his nonpayment of court costs that had been levied in the sentencing order placing him on probation and the sentencing order revoking his probation.

deemed denied by operation of law. *See* Ark. R. Crim. P. 33.3(c). On January 15, 2020, Polston filed a timely notice of appeal, stating that he was appealing from the sentencing order, the amended sentencing order, and the deemed denial of his posttrial motion.

In this appeal, Polston raises one argument. He argues that the trial court erred in not giving him 159 days' jail-time credit.

As a threshold matter, we must decide whether we have jurisdiction of this appeal. Absent certain exceptions, a defendant waives his right to appeal when he pleads guilty. *Burgess v. State*, 2016 Ark. 175, 490 S.W.3d 695. However, in *Burgess*, the supreme court held that an exception to the rule occurs when a defendant pleads guilty and his subsequent request for jail-time credit is denied by the trial court.[4] We conclude that this exception applies here. After the trial court accepted Polston's guilty plea, Polston requested additional jail-time credit at the hearing and again in a posttrial motion. Because this exception applies, we have appellate jurisdiction.

As an additional threshold matter, we must also address the State's contention that this appeal is moot. After the parties filed their respective briefs, the State wrote a letter to the clerk of the court of appeals stating that Polston had been released on parole and claiming that this mooted the appeal.[5] However, we do not agree with the State's position that a defendant's parole moots the issue of jail-time credit. Although the parole board may release

---

[4]The *Burgess* court explained that a denial of jail-time credit may be appealed where the request for jail-time credit was not an integral part of the plea or the trial court's acceptance of it.

[5]Generally, an issue becomes moot when any judgment rendered would have no practical effect upon a then existing legal controversy. *Matlock v. State*, 2017 Ark. 175, 518 S.W.3d 79.

an eligible prison inmate on parole, the parole "shall not be considered as a reduction of sentence or pardon." Ark. Code Ann. § 16-93-701(b)(2) (Repl. 2019); *see also Cridge v. Hobbs*, 2014 Ark. 153 (holding that parole-eligibility determinations by the Arkansas Department of Correction do not constitute a modification of a prison sentence). Even assuming that Polston has been released on parole, Polston's appeal concerning jail-time credit is not moot because the resolution of the issue on appeal will necessarily affect the duration of Polston's parole as well as his prison-time exposure in the event his parole is revoked.

Having concluded that we have jurisdiction to hear this appeal and that the appeal is not moot, we now turn to the merits of Polston's argument. We agree with Polston's claim that he is entitled to additional jail-time credit and that the trial court erred in ruling otherwise.[6]

Arkansas Code Annotated section 5-4-404 (Supp. 2019) provides:

If a defendant is held in custody for conduct that results in a sentence to imprisonment or confinement as a condition of suspension or probation, the court, the Division of Correction, or the Division of Community Correction shall credit the time spent in custody against the sentence, including time spent in a local jail facility awaiting transfer to the Division of Correction or the Division of Community Correction.

Pursuant to this statute, a defendant is entitled to receive jail-time credit on a revoked probation for the time he spent in custody awaiting trial on the charge that resulted in the probation. *See Boone v. State*, 270 Ark. 83, 603 S.W.2d 410 (1980).

---

[6]In the State's brief, it concedes that Polston was entitled to jail-time credit, but it asserts that he is entitled to only 158 days instead of 159 days. For the reasons explained *infra*, we hold that Polston is entitled to 159 days' jail-time credit.

As stated previously, Polston was held in custody for 228 days on the drug charge to which he eventually pleaded guilty and was placed on probation. When Polston's probation was subsequently revoked and he was sentenced to a term of imprisonment, Polston was entitled to credit for these 228 days spent in custody. *See Boone*, *supra*. As found by the trial court, Polston was also entitled to credit for the 4 days he spent in custody on the revocation warrant. This totals 232 days that Polston was jailed and that should have been included in the jail-time-credit calculation.

Polston and the State agree that Polston's jail-time credit for 232 days in custody is subject to being reduced based on two considerations. First, this jail-time credit should be reduced by 60 days because in the original sentencing order placing Polston on probation, the trial court ordered Polston to serve 60 days in jail as a condition of the probation. Next, the jail-time credit should be reduced by 13 days as a result of Polston's nonpayment of court costs.[7] After applying these two reductions, Polston argues he is entitled to 159 days of jail-time credit, and the State argues he is only entitled to 158 days of jail-time credit.

Taking all of this into account, we hold that Polston is entitled to 159 days of jail-time credit. Polston spent 232 days in custody, and when this amount is reduced by the 60-day order for probationary confinement and the 13 days corresponding to nonpayment of court costs, his jail-time credit comes to 159 days.

As noted previously, the State concedes that Polston is entitled to jail-time credit but argues that it should be 158 days instead of 159 days. In making this argument, the State

---

[7]While both parties agree that Polston is not entitled to jail-time credit for 13 days to cover the original court costs and revocation court costs, we express no opinion on whether such reduction of jail-time credit is authorized by Ark. Code Ann. § 16-13-703(c)(2) (Supp. 2019).

claims that Polston was already given jail-time credit for one of the 232 days he was held in custody in a different criminal case in a different county and contends that Polston is prohibited from "double-counting" days. In making this argument, the State asks this court to take judicial notice of the record in a separate case. Our supreme court, however, has clearly stated that judicial notice may not be taken of the record in a separate case. *Smith v. State*, 307 Ark. 223, 818 S.W.2d 945 (1991). Unless the proceedings are put into evidence, courts will not travel outside a record in order to notice proceedings in another case. *See id.* The record from the other case referenced by the State is not in our record, and it is axiomatic that we do not consider matters outside the record. *Doyle v. State*, 2009 Ark. App. 94, 302 S.W.3d 607. Therefore, we reject the State's invitation to reduce Polston's jail-time credit by one day.

For these reasons, we hold that the trial court erred in denying Polston's request for additional jail-time credit. Accordingly, we modify the sentencing order to reflect jail-time credit of 159 days.

Affirmed as modified.

GLADWIN and MURPHY, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Alan W. Jones*, Deputy Public Defender, and *Andrew Thornton*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.